CHUBB, APPELLANT, *v.* OHIO BUREAU OF WORKERS' COMPENSATION, APPELLEE.

[Cite as *Chubb v. Ohio Bur. of Workers' Comp.* (1998), 81 Ohio St.3d 275.]

(No. 96–2511—Submitted December 3, 1997—Decided March 25, 1998.)

Berkman, Gordon, Murray & De Van, J. Michael Murray, Larry S. Gordon and Susan C. Margulies, for appellant.

Betty D. Montgomery, Attorney General, Kevin L. Murch and Jack W. Decker, Assistant Attorneys General, for appellee.

LUNDBERG STRATTON, J.   We are asked to determine whether the state may assert the doctrines of waiver and estoppel in an appeal by a public employee seeking to claim the statutory protection of classified civil service following the termination of employment.   For the reasons that follow, we affirm the judgment of the court of appeals and hold that, in an appeal pursuant to R.C. 124.34 by a terminated public employee who claims classified status, the state may assert defenses of waiver and estoppel if the employee has accepted appointment to a position designated as unclassified and also has accepted the benefits of that unclassified position.   We also hold that the employee's actual job duties need not fall within the unclassified status in order for waiver or estoppel to apply.

Ohio's civil service scheme is embedded in the Ohio Constitution and enacted in R.C. Chapter 124.   Civil service employees are divided into classified and unclassified positions.   Unlike unclassified employees, those employed in the

classified service may be removed for good cause only according to the procedures enumerated in R.C. 124.34 and related rules and regulations. The classified civil servant may appeal termination of employment whereas the unclassified employee is not affected by these statutory and regulatory procedures.

Throughout this appeal, Chubb's focus has been from the perspective of a classified employee. She contends that the doctrines of waiver and estoppel are inconsistent with civil service statutes, and that state law and the public policy embedded in civil service prohibit the use of these doctrines by a state agency to thwart a public employee's attempt to gain the protections afforded one in the classified service. Chubb relies on *Yarosh v. Becane* (1980), 63 Ohio St.2d 5, 17 O.O.3d 3, 406 N.E.2d 1355, as support for her proposition that the state is precluded from advancing an estoppel defense. Chubb acknowledges that *Yarosh* does not expressly consider the estoppel defense; however, she contends that the defense was implicitly considered and rejected.

In *Yarosh*, fourteen deputy sheriffs appealed the termination of their employment. The SPBR determined that the deputies were classified employees and ordered that they be reinstated to their former positions. The sheriff averred that the deputies could not be considered classified employees because they did not take the civil service examination. Implicitly, this raised an estoppel defense.

We rejected the sheriff's theory on the basis that the sheriff could not assert against the employees their failure take the civil service examination to preclude the deputies from the rights afforded them by statute when the failure was the result of the *sheriff's* neglect of his statutory duty to administer the examination. *Yarosh v. Becane*, 63 Ohio St.2d at 14, 17 O.O.3d at 9, 406 N.E.2d at 1362. However, we did not disapprove of the use of the theory. Consequently, we do not find Chubb's reliance upon *Yarosh* as persuasive.

We recognize the importance of the civil service system and the benefits it affords to individuals employed as civil servants. However, we find that, if a public employee has served in an unclassified position and has enjoyed the benefits of the unclassified status such as increased salary, then as a matter of equity and fairness, the employee should be precluded from claiming classified status in order to receive the statutory benefits afforded classified civil servants. If the employee knowingly and voluntarily accepted appointment to an unclassified position and reaped other benefits such as higher wages, the employee has voluntarily relinquished the statutory rights and protections of civil service status.

A waiver is a voluntary relinquishment of a known right. *State ex rel. Athens Cty. Bd. of Commrs. v. Gallia, Jackson, Meigs, Vinton Joint Solid Waste Mgt. Dist. Bd. of Directors* (1996), 75 Ohio St.3d 611, 616, 665 N.E.2d 202, 207. It applies generally to all personal rights and privileges. *Id.*, citing *Sanitary*

*Commercial Serv., Inc. v. Shank* (1991), 57 Ohio St.3d 178, 180, 566 N.E.2d 1215, 1218. Waiver assumes one has an opportunity to choose between either relinquishing or enforcing of the right. A waiver may be enforced by the person who had a duty to perform and who changed his or her position as a result of the waiver. *Andrews v. State Teachers Retirement Sys. Bd.* (1980), 62 Ohio St.2d 202, 205, 16 O.O.3d 240, 242, 404 N.E.2d 747, 749.

Although waiver is typical of estoppel, estoppel is a separate and distinct doctrine. With estoppel, it is not necessary to intend to relinquish a right. "Equitable estoppel prevents relief when one party induces another to believe certain facts exist and the other party changes his position in reasonable reliance on those facts to his detriment." *State ex rel. Chavis v. Sycamore City School Dist. Bd. of Edn.* (1994), 71 Ohio St.3d 26, 34, 641 N.E.2d 188, 196. Thus, estoppel involves the conduct of both parties, whereas waiver depends upon what one intends to do.

In an action by the employee asserting classified status, the state is entitled to maintain that the public employee should be estopped from claiming the protections of classified civil service. This would include assertion of the doctrine of waiver based upon the public employee's knowing and voluntary accepting of the benefits of an unclassified position. Nothing in the statutory scheme of civil service precludes the use of the defenses of waiver and estoppel in an appeal by a public employee. For us to create such a rule would unfairly interfere with the state's ability to defend.

The burden remains upon the state agency to prove that waiver or estoppel should apply. We cite with approval a number of cases before Ohio courts of appeals in which these doctrines have been relied upon in civil service disputes. *Beery v. Bd. of Chiropractic Examiners* (1990), 66 Ohio App.3d 206, 583 N.E.2d 1083; *Boston v. Ohio Dept. of Human Serv.* (Dec. 20, 1994), Franklin App. Nos. 94APE06–914 and 94APE06–915, unreported, 1994 WL 714570; *Westfall v. Ohio Dept. of Commerce* (Jan. 25, 1994), Franklin App. No. 93AP–1067, unreported, 1994 WL 21860; *Hitchens v. Ohio Dept. of Transp.* (Oct. 14, 1993), Franklin App. No. 93AP–315, unreported, 1993 WL 418368; *Mingyar v. Ohio Dept. of Dev.* (Aug. 31, 1993), Franklin App. No. 92AP–1795, unreported, 1993 WL 342569; *Univ. of Cincinnati v. Simpson* (Dec. 27, 1988), Clermont App. No. CA88–05–045, unreported, 1988 WL 139124.

The state need not demonstrate that the public employee's actual job duties fall within an unclassified position before the defenses of waiver and estoppel may be asserted to deny the employee classified status. We agree with the reasoning of the court below that such a requirement would eviscerate the doctrines. If the employee's actual job duties fall within unclassified status, then there would be no need to argue waiver or estoppel in an appeal because the SPBR has no

jurisdiction over an unclassified employee. It is precisely this situation, where the public employee's job duties arguably fall within the description of a classified position, that the state would have the occasion to assert the defenses of waiver and estoppel.

Therefore, in an appeal pursuant to R.C. 124.34 by a terminated public employee who claims classified status, the state may assert the defenses of waiver and estoppel if the employee has accepted appointment to a position designated as unclassified and has accepted the benefits of that unclassified position, regardless of whether the employee's actual job duties fall within the classified status.

Accordingly, the court of appeals correctly remanded this matter to the trial court with instructions to remand to the SPBR. We affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., and PFEIFER, J., concur.

COOK, J., concurs in the syllabus and judgment only.

DOUGLAS, J., dissents.

RESNICK and F.E. SWEENEY, JJ., dissent and would reverse the judgment of the court of appeals and reinstate the judgment of the trial court.