OPINION
Plaintiff-appellant, Ricardo A. Hooper, appeals from a judgment of the Franklin County Court of Common Pleas reversing an order of the State Personal Board of Review ("SPBR") and remanding the matter to the SPBR with instructions to dismiss plaintiff's appeal for a lack of jurisdiction.
On July 15, 1996, plaintiff began working as the Assistant Director of Facilities with defendant-appellee, University of Cincinnati. After almost a year of employment, plaintiff, on May 30, 1997, received a poor job performance evaluation. On July 11, 1997, plaintiff met with his supervisor, Tim Becker, Assistant Director of Athletics for Operations, to discuss plaintiff's poor job performance and possible termination. On July 14, 1997, plaintiff's employment was terminated by a memorandum Becker wrote to plaintiff.
In accord with R.C. 124.34, plaintiff appealed his termination to the SPBR by letter dated July 16, 1997. After plaintiff's appeal was filed, the administrative law judge ("ALJ") scheduled a hearing to determine whether plaintiff was a classified or unclassified employee.
On November 10, 1997, almost four months after plaintiff's termination, defendant filed an Order of Removal in compliance with R.C. 124.34 ("124.34 Order"), an order required to remove a classified employee from employment. As reasons for plaintiff's termination, the order specified that plaintiff neglected his duties, failed to complete job tasks in a timely manner, and often was late. Plaintiff did not file an appeal from the 124.34 Order.
Following a hearing to determine plaintiff's status as a classified or unclassified employee, the ALJ determined that plaintiff's job duties were those of a classified employee, that his removal as an unclassified employee should be disaffirmed, and that plaintiff should be reinstated and reclassified to the position of Administrative Secretary 2. While the ALJ's decision rendered inadequate defendant's memorandum notifying plaintiff of his firing, the ALJ noted defendant later filed a 124.34 Order which was effective to terminate plaintiff's employment, and from which plaintiff did not appeal. Accordingly, the ALJ found plaintiff was entitled to benefits only from the date of the ineffective firing until the effective date of the 124.34 Order. The SPBR, on November 6, 1998, adopted the ALJ's recommendation.
Pursuant to R.C. 124.34 and 119.12, plaintiff appealed the SPBR's decision to the Franklin County Court of Common Pleas, which found that pursuant to Chubb v. Ohio Bureau of Workers'Comp. (1998), 81 Ohio St.3d 275, plaintiff was estopped to argue he was a classified employee and therefore should be considered an unclassified employee. Accordingly, the common pleas court reversed the decision of the SPBR and remanded the matter for dismissal since the SPBR had no jurisdiction over plaintiff's unclassified employment.
Plaintiff appeals, assigning the following errors:
 I. THE COURT OF COMMON PLEAS (COMMON PLEAS) ERRED WHEN IT RENDERED A DECISION ON THE CLASSIFICATION STATUS OF MR. HOOPER AS THE ISSUE OF CLASSIFICATION STATUS WAS NOT APPEALED BY EITHER PARTY BEFORE THE COURT.
 II. THE COURT OF COMMON PLEAS ERRED IN REVERSING THE DECISION OF THE STATE PERSONAL BOARD OF REVIEW AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 III. THE COURT OF COMMON PLEAS ERRED IN NOT ADDRESSING THE ISSUE THAT WAS APPEALED BEFORE IT.
Because plaintiff's assignments of error are interrelated, we address them jointly. Together they assert the common pleas court erred in reversing the decision of the SPBR.
When considering an appeal from the SPBR, the common pleas court may affirm the decision if it is supported by reliable, probative, and substantial evidence and is in accordance with law, or it may reverse, vacate, or modify the decision if it is not. R.C. 119.12. "Upon factual issues, the primary question [on appellate review] is whether the common pleas court abused its discretion in finding the administrative decision to be supported by reliable, probative and substantial evidence." Franklin Cty.Bd. of Commrs. v. State Emp. Relations Bd. (1993), 92 Ohio App.3d 585,588. However, as to questions of law, an appellate court's review is plenary. Univ. Hosp., Univ. of Cincinnati College ofMedicine v. State Emp. Relations Bd. (1992), 63 Ohio St.3d 339,343. Thus, an appellate court must make its own independent determination of the law to be applied to the facts in the case.Franklin Cty. Bd. of Commrs., supra.
Ohio's civil service scheme is embedded in the Ohio Constitution and is enacted in R.C. Chapter 124. Civil service employees are divided into classified and unclassified positions. R.C. 124.11. A classified employee can be removed only for good cause and only after the procedures set forth in R.C. 124.34 have been followed. Yarosh v. Becane (1980), 63 Ohio St.2d 5, 9. By contrast, an unclassified public employee generally can be terminated for any reason. Eudela v. Ohio Dept. of Mental Health Mental Retardation (1986), 30 Ohio App.3d 113, 114. Under R.C.124.03, the SPBR has jurisdiction to hear appeals relating to job termination filed by classified public employees.Based upon plaintiff's actual job duties, the ALJ determined plaintiff was a classified employee. See In re Termination of Employment (1974),40 Ohio St.2d 107, 113 (looking at duty actually delegated to and performed by the employee rather than at title of employee);Hitchens v. Ohio Dept. of Transp. (Oct. 14, 1993), Franklin App. No. 93AP-315, unreported. Aware of the application of estoppel and waiver in these cases, the ALJ also analyzed the matter underChubb and determined plaintiff had no knowledge or intent sufficient to waive his classified job status. In reversing the SPBR decision, the common pleas court found that plaintiff accepted the benefits of unclassified service, such as a higher pay and more vacation, and under Chubb was estopped from asserting he was a classified employee.
"In an appeal pursuant to R.C. 124.34 by a terminated public employee who claims classified status, the state may assert defenses of waiver and estoppel if the employee has accepted appointment to a position designated as unclassified and also has accepted the benefits of that unclassified position, regardless of whether the employee's actual job duties fall within the classified status." Chubb, supra, syllabus. The burden of proving the essential elements of either defense rests upon defendant. Id.
at 279. See, also, Beery v. Ohio Bd. Of Chiropractic Examiners
(1990), 66 Ohio App.3d 206, 210 (cited with approval in Chubb);Boston v. Ohio Dept. of Human Serv. (Dec. 20, 1994), Franklin App. No. 94AP-914, unreported (noting estoppel doctrine provides that "where an employee accepts a position knowing it to be unclassified and thereafter reaps the financial benefits of that position, he cannot thereafter claim that he is a classified civil servant").
Plaintiff began his employment with defendant on July 15, 1996. On August 14, 1996, one month after his beginning date, he met with Veronica Williams to discuss the benefits of plaintiff's new position. In the meeting, plaintiff filled out a form entitled "Employee Orientation Reference Date Report," and checked a box indicating he was an unclassified employee. Plaintiff testified that he understood as of that date that he was an unclassified employee. Moreover, plaintiff accepted the benefits of unclassified service, such as significantly higher pay, an advance salary and substantially more vacation time than that offered to classified employees. Nonetheless, for the estoppel doctrine to apply in the present case, plaintiff must have accepted the position knowing it was an unclassified position. Chubb, supra, citing with approval Boston, supra, andWestfall v. Ohio Dept. of Commerce (Jan 25, 1994), Franklin App. No. 93AP-1067, unreported.
While the trial court stated the position to which plaintiff was hired was advertised as an unclassified position, no evidence in the record so indicates. The job description/advertisement plaintiff responded to does not mention the status of the position. Moreover, the ALJ noted the undisputed evidence indicated Becker, who was instrumental in hiring plaintiff, did not tell plaintiff at the time he was hired whether the position was classified or unclassified. Under those circumstances, the receipt of benefits normally associated with unclassified employment is not sufficient evidence to demonstrate plaintiff knew the position was unclassified.
Similarly, Becker's affidavit stating that plaintiff was hired as an unclassified employee does not address whether plaintiff knew that he was hired as an unclassified employee. Moreover, the statement is not supported by any evidence in the record from the hearing. The only evidence to show plaintiff's knowledge of his status was his own statement that he knew he was unclassified as of August 16, one month after he started his employment. In fact, when testifying concerning the document he signed that day, plaintiff stated he had to ask which status box to check, classified or unclassified.
Because the record lacks evidence that plaintiff knew atthe time of accepting the position he was being hired into an unclassified position, estoppel is inappropriate in the present case. Beery, supra (noting that employee knew "from the beginning that he was an unclassified employee"); Westfall, supra (cited with approval in Chubb and finding estoppel when employee accepted the position knowing it to be unclassified); Chubb v. Ohio Bureauof Workers' Comp. (Sept. 26, 1996), Franklin App. No. 96AP-292, unreported, affirmed Chubb, supra (noting that employee's acknowledgment that she was an unclassified employee signed five months after she started her position is not dispositive as to whether she had that knowledge at the time she took the position). Indeed, were knowledge not an element of estoppel, the Supreme Court would not have affirmed this court's remand in Chubb to ascertain the employee's knowledge of her unclassified status at the time she accepted the position at issue in that case.
Waiver is equally inapplicable to the present facts. Waiver requires plaintiff to knowingly and voluntarily accept appointment to an unclassified position. Chubb, supra. Because no evidence in the record reveals that plaintiff had any knowledge the position was unclassified until a month after he accepted the position, waiver does not apply under these facts. The common pleas court erred in applying estoppel and waiver because the finding that plaintiff accepted a position designated as unclassified was against the manifest weight of the evidence.
Because neither waiver nor estoppel applies, plaintiff's job duties determine whether his position is classified or unclassified. In re Termination of Employment, supra, at 113. The ALJ found plaintiff was essentially a glorified intern, and his job duties not only were not technical in nature but could have been delegated to an average employee. Accordingly, the ALJ determined plaintiff was a classified employee. Having so concluded, the ALJ further determined plaintiff's proper classification pursuant to R.C. 124.03(A). Based upon plaintiff's job duties, which consisted mainly of scheduling operations for defendant's facilities, coordinating events, and managing student ushers for events, the ALJ determined that plaintiff was properly classified as an Administrative Secretary 2.
The ALJ's determination is supported by reliable, substantial and probative evidence. The testimony presented at the hearing in the matter demonstrated a position almost clerical in nature, with little authority. Plaintiff scheduled events at defendant's facilities and coordinated various requests for use of the facilities. In case of a conflict in events, plaintiff's superior had the ultimate authority to resolve the conflict. Even when plaintiff was managing events, Becker always had the final say, although Becker was not always present at the event.
Finding plaintiff to be a classified employee, the ALJ then found that the 124.34 Order filed with the SPBR on November 10, 1997, effective November 17, 1997, terminated plaintiff's employment. Pursuant to R.C. 124.34, in case of any classified employee's removal, a 124.34 Order must be furnished to the employee setting forth the reasons for the removal. An employee may, within ten days of the filing of the order, appeal the order with the SPBR. Failure to timely appeal a 124.34 Order deprives the SPBR of jurisdiction over the matter. Duffy v. Hamilton Cty.Bd. of Commrs. (1994), 92 Ohio App.3d 717, 721 ("Where a statute requires that an administrative appeal be filed within a specified time period, compliance with such requirement is a necessary precondition to invoking the appellate jurisdiction of the administrative agency"); Brown v. Northeast Ohio DevelopmentalCenter (Aug. 5, 1987), Scioto App. No. 1652, unreported.
Plaintiff never appealed the order. Failure to comply with the ten-day requirement divests the SPBR of subject matter jurisdiction over the matter. Winiarski v. Hamilton Cty. Recorder
(June 15, 1995), Franklin App. No. 94AP-1821, unreported. Moreover, no evidence suggests the 124.34 Order was an act of bad faith. See Id. Rather, defendant thought it had fired an unclassified employee, but sought to correct its error in case plaintiff was determined to be classified. See Id. ("Indeed, permitting the (employer) unilaterally to rescind the defective notices and issue a conforming notice encourages the efficient use of administrative and judicial resources. * * * Resources are better used by allowing the appointing authority to self-correct its admitted error without first going through the appeal process"). Because plaintiff failed to file a timely appeal from the 124.34
Order, the ALJ did not err in finding that plaintiff's classified employment was terminated from the effective date of that order.
While plaintiff appealed the SPBR's decision, he challenged only the determination that defendant's 124.34 Order was valid. In addressing the issue, the common pleas court found the order invalid, but determined defendant to be unclassified. We have determined the R.C. 124.34 order to be valid, in effect rejecting the issue plaintiff brought to the common pleas court. Moreover, because we have affirmed the SPBR's determination regarding plaintiff's classified status, we find no prejudice to plaintiff to the extent, if any, the common pleas court exceeded the scope of review on appeal.
Plaintiff's assignments of error are sustained to the extent indicated, the decision of the Franklin County Court of Common Pleas is reversed, and this matter is remanded to that court with instructions to affirm the decision of the SPBR.
Judgment reversed and case remanded with instructions.
 ________________________________ BRYANT, PRESIDING JUDGE
BOWMAN, P.J., and TYACK, J., concur.