DECISION
Appellant, LaSalle National Bank, is the holder of a mortgage note executed by appellees, Budgetels, Lee Guzzo, Barbara Guzzo, Carl Guzzo, Mary Guzzo, Gildo Guzzo, Cecelia Guzzo, Theodor Steilen, Lino Guzzo, Patricia Guzzo,[1] and Juanita Steilen. Lee, Carl and Gildo Guzzo are also partners in Budgetels. The note was secured by property owned by Complete General Construction Company, which, in turn, is owned at least in part by the Guzzos. Budgetels leased the property in Reynoldsburg, on which it had constructed a motel. The original amount of the mortgage note was $875,000. Following a re-amortization agreement signed by the parties in 1993, the total amount of the note was $749,504.58. Lee, Carl and Gildo Guzzo also agreed to indemnify the Steilens for the debts of Budgetels.
Appellant hired Ocwen Federal Bank FSB ("Ocwen") to service the loan. CLI Investments, Inc. ("CLI") kept the books for Budgetels related to the mortgage note and made payments on the note from income generated by the motel. Due to an error by Ocwen in failing to enter the portion of the balance of the note held by a participating lender, Ocwen sent CLI monthly statements from January 1998 through May 1998, reflecting a balance due of approximately $200,000 less than the actual amount. Michael Lamprecht, who was employed by CLI, received the monthly statements and made payments, and admitted he was aware of the discrepancy in the amount shown on the statements received from Ocwen and the amount shown on Budgetels' books as being due on the note.
In August 1997, Complete General Construction entered into a contract to sell the Reynoldsburg property and, in May 1998, Lamprecht requested a payoff balance from Ocwen. Ocwen sent a payoff letter indicating the amount due was $452,487.73, whereas the correct amount should have been $703,935.56. The closing occurred May 29, 1998, and, from the proceeds of the sale, $407,667 was transferred to each of the Guzzos as partners in Budgetels.
As a result of the phone call from the participating lender, Ocwen became aware of its error and, in August 1998, Ocwen sent a notice of default on the mortgage note to appellees. This is the first notice to the Guzzos of the error.
When appellees refused to pay the balance due, appellant filed suit against Budgetels, the Guzzos, and the Steilens, requesting judgment on the note with pre-judgment and post-judgment interest. Appellant also asserted a claim for unjust enrichment. Budgetels and the Guzzos filed a third-party complaint against Ocwen for indemnification. The Steilens filed a cross-claim against Budgetels and the Guzzos for indemnification.
The matter was tried based on stipulations of the parties, which included the deposition of Lamprecht. The trial court granted judgment in favor of appellant and against Budgetels on appellant's claim for unjust enrichment, and denied a request for pre-judgment interest; the trial court ruled against appellant on its claim for judgment on the note; the court also ruled against appellees on their third-party claim against Ocwen for indemnification; and granted the Steilens' cross-claim against the Guzzos. Appellant sets forth the following assignments of error:[2]
 A. The trial court erred in finding, with respect to Count One of the Complaint, that the Mortgage Note, as amended, was paid in full on May 28, 1998 by virtue of Plaintiff-Appellant's agent mistakenly sending an incorrect payoff balance to the agent of Defendant-Appellee Budgetels.
 B. The trial court's finding, with respect to Count One of the Complaint, that Defendant Budgetels relied on the incorrect payoff balance is contrary to the weight of the evidence.
 C. The trial court's finding, with respect to Count One of the Complaint, that Plaintiff-Appellants Lee Guzzo, Barbara Guzzo, Carl Guzzo, Mary Guzzo, Gildo Guzzo, Cecelia Guzzo and Theodor Steilen relied on the payoff balance that was sent to the agent of Defendant-Appellee Budgetels, is not supported by the evidence.
 D. The trial court erred in failing to award prejudgment interest provided for in the Note, as amended, to Plaintiff-Appellant.
Following oral argument, the parties stipulated that Budgetels has paid the full amount of the judgment, including the amount awarded for post-judgment interest and court costs. The only remaining issue is whether appellant is entitled to pre-judgment interest on the note. This requires resolution of the issue of whether the trial court erred when it determined the note was paid in full when Budgetels paid the incorrect amount stated in the payoff letter.
In order to recover on its note, appellant had to prove it was the holder of the note, that the note was signed by appellees and the balance remained unpaid. R.C. 1303.31, 1303.34, 1303.36 and 1303.41. The parties stipulated appellant was the holder of the note, that appellees had signed the note and the correct amount due and owing was $703,935.56. Thus, appellant was entitled to judgment on the note unless appellees successfully presented a defense.
The trial court found that, because appellees had paid the amount in the payoff letter, the note was paid in full. The trial court further found appellant was not entitled to recover on the note because appellees had released their interest in the property that secured the note. This suggests the trial court found an accord and satisfaction between the parties. The trial court's decision also found the parties relied on the amount in the payoff letter which suggests it concluded that there was either a waiver by appellant of the balance due or it was estopped; both defenses were raised by appellees in their answer.
To establish accord and satisfaction, a defendant must show "that the parties went through a process of offer and acceptance — an accord. Second, the accord must have been carried out — a satisfaction. Third, if there was an accord and satisfaction, it must have been supported by consideration."Allen v. R.G. Indus. Supply (1993), 66 Ohio St.3d 229, paragraph one of the syllabus. Based on the stipulated evidence, none of these elements were met.
There was no evidence of waiver by appellant which requires the intentional relinquishment of a known right. Chubbv. Ohio Bur. of Workers' Comp. (1998), 81 Ohio St.3d 275. The payoff letter specifically stated it was not to be construed as a waiver of any right and appellant never released or cancelled the note and it was not delivered to appellees.
The court's finding that appellees relied on the amount in the payoff letter suggests the court found appellees proved the defense of estoppel; however, there is no evidence of estoppel. In Bank One Trust Co. v. LaCour (Jan. 28, 1999), Franklin App. No. 98AP-525, unreported, this court stated:
 * * * "Equitable estoppel prevents relief when one party induces another to believe certain facts exist and the other party changes his position in reasonable reliance on those facts to his determent." State ex rel. Chavis v. Sycamore City School Dist. Bd. of Edn. (1994), 71 Ohio St.3d 26, 34 * * *.
Here, Lamprecht, as agent for Budgetels, admitted he knew the monthly billing statements from Ocwen were incorrect. As Lamprecht was not the agent for anyone other than Budgetels, the remaining appellees, who never received the incorrect billing statements and who were not aware of the error, cannot claim reliance. Further, the parties suffered to no damage, as all but Steilen received more money than they were entitled to receive.
Therefore, the trial court erred in concluding appellant was not entitled to recover on its claim for judgment on the mortgage note. Because appellant was entitled to judgment on the note, it was also entitled to pre-judgment interest. The note provided for interest at the rate of 9.5 percent and also provided for interest following default at the rate of 11.5 percent. As the result of appellant's own admitted error in providing the incorrect amount required to pay off the note, we find appellant is not entitled to recover interest at the default rate but is entitled to interest on the note at the rate of 9.5 percent, which the parties stipulated to be $35,565.90. Although appellees rely on LaCour to support its argument that appellant is not entitled to interest due to its own error, that issue was not raised or addressed in LaCour.
Therefore, appellant's assignments of error are sustained and the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to the trial court for further proceedings in accordance with this decision.
BROWN and McCORMAC, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] All claims against Patricia and Lino Guzzo were dismissed following their deaths.
[2] Appellant is not appealing the judgment against it on the note as to Juanita Steilen.