DECISION AND JUDGMENT ENTRY
The City of Gallipolis appeals the Gallia County Court of Common Pleas' determination that the Gallipolis Civil Service Eligibility Board possesses jurisdiction over Steven E. Wallis' appeal of his termination from employment. The City asserts that the trial court erred in failing to find that Wallis is estopped from claiming classified employee status. We disagree, because Wallis did not knowingly and voluntarily accept unclassified employment status. The City next asserts that the trial court erred and abused its discretion in failing to address whether Wallis was an intermittent employee. We disagree, because R.C. 124.11(C) specifically applies to volunteer firefighters. The City also asserts that the trial court erred in failing to find that Wallis was a "contract employee" pursuant to section forty-three of the Gallipolis City Charter. Because Wallis had the potential to earn more than two thousand five hundred dollars under his contract, we reject the City's contention that he was a contract employee under section forty-three. Accordingly, we overrule each of the City's assignments of error and we affirm the judgment of the trial court.
 I.
Wallis was a volunteer firefighter for the City. Pursuant to his "Contract for Services" with the City, the City paid Wallis $5.15 per hour for performance of his duties as a firefighter. On March 15, 1999, the City Manager sent Wallis a letter terminating Wallis' employment with the City.
Wallis appealed his termination to the Civil Service Eligibility Board for the City of Gallipolis ("the Board"). The City filed a motion to dismiss in which it asserted that the Board lacked subject matter jurisdiction because: (1) Wallis was a "contract worker" rather than a civil service employee; (2) even if Wallis was an employee, he was "unclassified" rather than "classified;" and (3) even if Wallis was a classified employee, he nonetheless was a "non-tenured" at-will employee.
In an entry without an opinion, the Board found that it lacked jurisdiction and dismissed Wallis' appeal. Wallis appealed the Board's decision to the trial court in accordance with R.C. 124.24. Upon consideration of the parties' briefs and oral arguments, the trial court reversed the Board's decision.
The trial court reasoned as follows: R.C. 124.11(C) specifically permits cities to decide whether to place volunteer firefighters in the classified or unclassified service. The Gallipolis City Charter clearly provides that all members of the fire department are in the classified service. In Peters v. Jackson (1995), 100 Ohio App.3d 302, 309, this court held that the term "members of the fire department" includes volunteer firefighters. Therefore, Wallis, as a volunteer firefighter, was in the classified service. The trial court further reasoned that Wallis' "Contract for Services" did not render him an independent contractor because the City possessed the right to direct and control Wallis' employment.
The City timely appealed the trial court's decision. On appeal, the City asserts the following assignments of error:
 The Common Pleas Court erred and abused its discretion in failing to rule that Steven Wallis was estopped from claiming "classified" employee status.
 The Common Pleas Court erred and abused its discretion in failing to consider the effect of R.C. 124.30, as it existed on March 15, 1999, on Mr. Wallis as a potentially "classified," but "intermittent" employee.
 The Common Pleas Court erred and abused its discretion in failing to hold that Mr. Wallis was a contract worker, pursuant to section 43 of the Charter of the City of Gallipolis.
 The Common Pleas Court erred and abused its discretion in failing to differentiate between a "contract employee" and an "independent contractor."
 II.
R.C. 2506.04 delineates the roles of common pleas and appellate courts in reviewing administrative decisions. R.C. 2506.04 provides as follows:
 The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause * * *. The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505 of the Revised Code.
Thus, the court of appeals' role in R.C. 2605.04 appeals is limited to reviewing questions of law, which the court reviews de novo, and to determining whether the trial court abused its discretion in applying the law. Kisil v. City of Sandusky (1984), 12 Ohio St.3d 30, 34, fn. 4;Lawson v. Foster (1992), 76 Ohio App.3d 784.
In Kisil, the court commented that R.C. 2506 "grants a more limited power to the court of appeals to review the judgment of the common pleas court only on `questions of law,' which does not include the same extensive power to weigh `the preponderance of substantial, reliable and probative evidence,' as is granted to the common pleas court." Id. at 34, fn. 4; Jenkins v. Gallipolis (1998), 128 Ohio App.3d 376, 381. The Kisil
court further stated that "[w]ithin the ambit of `questions of law' for appellate court review would be abuse of discretion by the common pleas court." Kisil at 34, fn. 4, accord Irvine v. Ohio Unemployment Comp. Bd.of Rev. (1985), 19 Ohio St.3d 15, 20; Wurzelbacher v. Colerain Twp. Bd.of Trustees (1995), 105 Ohio App.3d 97, 100. "The term `abuse of discretion' connotes more than an error of law of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."In re Jane Doe 1 (1991), 57 Ohio St.3d 135, 137.
 III.
In its first assignment of error, the City asserts that the trial court erred as a matter of law in failing to find that Wallis was a classified employee. Despite the trial court's rationale that Wallis was a classified employee by virtue of the Gallipolis City Charter provision that places all firefighters in the classified service, the City contends that Wallis accepted a position as an unclassified employee. As a result, the City claims that Wallis is estopped from claiming classified status.
In an appeal pursuant to R.C. 124.34 brought by a public employee, the employer may assert the defenses of waiver and estoppel of classified status, even if the employee's duties fall within the classified status.Chubb v. Ohio Bur. of Emp. Services (1998), 81 Ohio St.3d 275, 280. However, in order to successfully assert such a defense, the employer bears the burden of proving that the employee "has accepted appointment to a position designated as unclassified and has accepted the benefits of that unclassified position." Id. at 279-280. The employee in Chubb agreed to move from classified to unclassified status in order to obtain a higher salary, and she signed an agreement in which she specifically acknowledged her unclassified status.
The City asserts that Wallis waived his classified status by signing the "Contract for Services" in which the City agreed to pay Wallis $5.15 per hour for his services. However, the contract does not mention classified or unclassified service. Additionally, the City did not present any evidence that Wallis received any special benefit, such as a higher wage, that may have prompted him to accept unclassified status in an otherwise classified position. In short, the City failed to present evidence showing that Wallis waived his classified status. Therefore, the trial court did not err in failing to find that Wallis was estopped from asserting classified status.
Accordingly, we overrule the City's first assignment of error.
 IV.
In its second assignment of error, the City asserts that Wallis has no right to appeal his termination due to his status as an intermittent employee.
At the time that the City terminated Wallis' employment, R.C. 124.30
provided that "persons who receive interim, temporary, or intermittent appointments shall serve at the pleasure of their appointing authority." The Ohio Administrative Code defines an "intermittent" appointment as one "where an employee works on an irregular schedule which is determined by the fluctuating demands of the work and is not predictable and is generally characterized as requiring less than one thousand hours per year." Ohio Adm. Code 123:1-47-01(A)(45). The City contends that volunteer firefighters clearly fall within the definition of intermittent employees, but recognizes that volunteer firefighters fall within the classified service by operation of R.C. 124.11(C) and the Gallipolis City Charter.
Whenever possible, we must read statutes dealing with similar subject matter as consistent with one another and give effect to each. Meeks v.Papadopulos (1980), 62 Ohio St.2d 187, 192; see, also, R.C. 1.52. The City suggests we can do so in this case by creating a new "classified-but-non-tenured" status for volunteer firefighters under which they are classified but nonetheless terminable at-will. However, we believe that the right to challenge one's termination is a fundamental aspect of classified service. See generally Chubb; Peters. If we were to create a special status as the City suggests, we would eviscerate R.C.124.11(C) of the authority it grants cities to place volunteer firefighters in the classified service. Such an outcome conflicts with the general rule that we must give effect to both statutes. Additionally, it is at odds with the rule that a specific provision shall prevail over a general one. State v. Volpe (1988), 38 Ohio St.3d 191, paragraph one of the syllabus; see, also, R.C. 1.51. In contrast, if we interpret R.C. 124.11(C) to give cities the option of exercising an exception to the general rule that volunteer firefighters, as intermittent employees, are unclassified, both R.C. 124.11(C) and R.C.124.30 retain effect.
Thus, we find that intermittent employees such as volunteer firefighters generally are terminable at-will and fall within the unclassified service pursuant to R.C. 124.30. However, a city may choose to create an exception to that general rule and place volunteer firefighters within the classified service pursuant to R.C. 124.11(C). In this case, the City exercised its option to place volunteer firefighters in the classified service. Therefore, the trial court did not err in failing to rule that Wallis' service as an intermittent employee rendered him terminable at-will.
Accordingly, we overrule the City's second assignment of error.
 V.
In its third assignment of error, the City argues that the trial court erred in failing to consider its argument that Wallis was a "contract employee," pursuant to section forty-three of the Gallipolis City Charter, as opposed to a civil service employee. Likewise, in its fourth assignment of error, the City contends that the trial court erred in confusing a "contract employee" with an independent contractor. The trial court rejected the City's contract argument by finding that the City has the power to direct and control Wallis' employment, and thus concluding that Wallis was an employee of the City rather than an independent contractor.
In asserting that Wallis was a contract employee, the City relies upon the authority it possesses to enter into contracts for labor pursuant to section forty-three of the Gallipolis City Charter. Section forty-three provides in relevant part: "The City Manager may make any contract or purchase supplies or materials, or provide labor for any work in any department, not involving more than two thousand five hundred dollars." Our review of Wallis' contract reveals that it is not limited by its terms to two thousand five hundred dollars. Moreover, in arguing its second assignment of error, the City admits that it anticipated that Wallis would work up to one thousand hours per year. At a wage of $5.15 per hour, Wallis' contract with the City could far exceed the two thousand five hundred dollar maximum set by the Gallipolis City Charter. Therefore, we find that the City did not enter into a contract with Wallis based upon the authority conferred in section forty-three of the Gallipolis City Charter.
In its brief to this court, the City did not describe the characteristics of or the distinctions between a "contract employee," a "civil service employee" and an "independent contractor." However, we find the distinctions moot, given our finding that the City did not contract with Wallis for labor pursuant to section forty-three of the Gallipolis City Charter. Therefore, any error in the trial court's analysis was harmless. The trial court did not err in concluding that Wallis was an employee of the City. Accordingly, we overrule the City's third and fourth assignments of error.
 VI.
In conclusion, we find that the trial court did not err in determining that the Board possessed jurisdiction to review Wallis' appeal of his termination. The trial court properly determined that Wallis, as a volunteer firefighter, was a classified employee of the City. Accordingly, we overrule each of the City's assignments of error and affirm the judgment of the trial court.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Gallia County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure.
Abele, J.: Concurs in Judgment and Opinion. Harsha, J.: Concurs in Judgment Only.
 _______________________ Roger L. Kline, Presiding Judge