[Cite as *Jantzen v. Jantzen*, 2012-Ohio-5609.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STACY JANTZEN, | : | CASE NO. CA2012-01-006 |
| Plaintiff-Appellant, | : | O P I N I O N |
| | : | 12/3/2012 |
| - vs - | : | |
| | : | |
| VICTOR JANTZEN, | : | |
| Defendant-Appellee. | : | |


APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. DR2010-09-1146


George M. Parker, 10690 Loveland Madeira Road, Loveland, Ohio 45140, for plaintiff-appellant

Barron, Peck, Bennie & Schlemmer, Jimmy J. Lefton, 3074 Madison Road, Cincinnati, Ohio 45209, for defendant-appellee


**S. POWELL, P.J.**

{¶ 1} A mother appeals a domestic relations court ruling that her husband rebutted with genetic testing the presumption he was the natural father of two children born during the marriage. We affirm the judgment, rejecting mother's argument that the court should have joined the children and the alleged father as parties to the proceeding, and mother's assertion that husband was prevented from contesting paternity by estoppel, waiver, laches,

and the best interests of the children.

{¶ 2} The record indicates mother petitioned for divorce in September 2010, alleging three children were born issue of the marriage. Husband counterclaimed, averring in part, that he discovered through genetic testing in 2009 that only one of the three children born during the marriage was his biological child. While not citing to any particular statutory scheme in his motion, husband requested a finding that he was not the natural parent of the two children, who were born in 2000 and 2006, respectively.

{¶ 3} The domestic relations court found that, based on the genetic testing, husband "has shown by clear and convincing evidence that [the two children.] are not issue of the marriage, as they are not [husband's] biological children." The divorce decree provided custody and support for the one child born issue of the marriage.

{¶ 4} Mother filed this appeal, raising two assignments of error.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE TRIAL COURT ERRED AS A MATTER OF LAW BY PROCEEDING TO JUDGMENT ON THE ISSUE OF PATERNITY WITHOUT ALL NECESSARY PARTIES TO THE ACTION BEING JOINED OR AT LEAST NOTIFIED OF THE ACTION.

{¶ 7} Mother argues that the alleged father and the two children should have been joined as necessary parties or notified of the action, citing to R.C. 3111.07, which will be discussed below.

{¶ 8} First, we note that R.C. 3111.03 states, in part, that a man is presumed to be the natural father of a child when the man and the child's mother are or have been married to each other, and the child is born during the marriage or is born within 300 days after the marriage is terminated. R.C. 3111.03(A)(1). "A presumption that arises under this section can only be rebutted by clear and convincing evidence that includes the results of genetic testing * * *." R.C. 3111.03(B).

{¶ 9}   "As used in sections 3111.01 to 3111.85 of the Revised Code, 'parent and child relationship' means the legal relationship that exists between a child and the child's natural or adoptive parents * * *."  R.C. 3111.01 (A); *see also State v. Hess*, 3rd Dist. No. 13-03-30, 2004-Ohio-534, ¶ 9 (determining for purposes of domestic violence offense that "natural parent" is a person who biologically causes a child to come into existence).

{¶ 10}  As previously noted, mother relies on R.C. 3111.07 to argue that the domestic relations court erred in making the determination that husband was not the natural father without adding other individuals to the case.  According to the record, mother did not move to add any additional parties to this action and first cited R.C. 3111.07 in her objections to the magistrate's decision.

{¶ 11}  R.C. 3111.07 states, in part, that the natural mother, each man presumed to be the father under R.C. 3111.03, and each man alleged to be the natural father shall be made parties to the action brought pursuant to R.C. 3111.01 to 3111.18, or, if not subject to the jurisdiction of the court, shall be given notice of the action and shall be given an opportunity to be heard.  The child shall be made a party to the action unless a party shows good cause for not doing so and separate counsel shall be appointed for the child if the court finds that the child's interests conflict with those of the mother.  R.C. 3111.07.

{¶ 12}  "If the person bringing the action knows that a particular man is not or, based upon the facts and circumstances present, could not be the natural father of the child, the person bringing the action shall not allege in the action that the man is the natural father of the child and shall not make the man a party to the action."  R.C. 3111.07(A).

{¶ 13}  According to the record in this case, husband contested that he was the father of two of the three children born during the time of the marriage.  Husband provided the results of genetic testing, mother stipulated to the introduction of the genetic testing results, and those results excluded husband as the biological father.

{¶ 14} The domestic relations court made the finding that husband rebutted the presumption he was the natural father by clear and convincing evidence. Further, the court ruled that it did not have jurisdiction over the two children because they were not born issue of the marriage and juvenile court was the proper court for a paternity action.

{¶ 15} R.C. 3111.06(A) states, in part, that juvenile court has original jurisdiction to determine the existence or non-existence of a parent and child relationship, and when "an action for divorce, dissolution, or legal separation has been filed in a court of common pleas, that court of common pleas has original jurisdiction to determine if the parent and child relationship exists between one or both of the parties and any child alleged or presumed to be the child of one or both of the parties." *See also Brookbank v. Gray*, 74 Ohio St.3d 279 (1996).

{¶ 16} In the case at bar, the determination of whether two children were born issue of the marriage and, thereby, the subject of orders in the divorce, was squarely before the court when the complaint and counterclaim for divorce were filed.

{¶ 17} Mother apparently argues that the domestic relations court should have ordered husband to add certain parties to the divorce action. We do not agree. R.C. 3111.06 specifically provides that the parties to a divorce -- in this case, husband and wife [the party this court designated as "mother"] -- may ask the court to determine the existence or non-existence of a parent and child relationship between one or both of the parties. Husband asked the domestic relations court during the divorce proceedings to find that he did not have a parent and child relationship with the two children and that the two children were not issue of the marriage.

{¶ 18} The domestic relations court ruled on the sole issue raised with regard to the two children, and, once it found that the two children were not children of the marriage, the domestic relations court appropriately determined that it had no authority to address the

separate and distinct issues of paternity and support for those children. *See* R.C. 2151.23, R.C. 2151.231; R.C. 3111.06; *see Nwabara v. Willavy*, 135 Ohio App.3d 120 (8th Dist.1999) (once husband was excluded, identity of natural father and amount of support owed would be "in the nature of a paternity action" and domestic relations court did not have "primary concurrent jurisdiction" over the paternity action).

{¶ 19} Once a paternity action pertaining to the other two children is brought in juvenile court, R.C. 3111.07 provides for the proper parties to the paternity action, i.e., the natural mother, each man alleged to be the natural father, and the children, but not the husband in this case, who is no longer the presumed father.

{¶ 20} We have reviewed mother's arguments under this assignment of error and find none of them well-taken. Mother's first assignment of error is overruled.

{¶ 21} Assignment of Error No. 2:

{¶ 22} THE TRIAL COURT ABUSED ITS DISCRETION AND/OR ERRED AS A MATTER OF LAW IN DISESTABLISHING PATERNITY BETWEEN DEFENDANT-APPELLEE AS HE WAS BARRED BY THE DEFENSES OF ESTOPPEL, WAIVER OR LACHES OR THE BEST INTEREST OF THE CHILDREN THROUGH DEFENDANT-APPELLEE'S VOLUNTARY CONSENT TO RAISE THEM AS THEIR FATHER. [sic]

{¶ 23} Mother argues the trial court erred in permitting husband to rebut the presumption he is the natural father because the "defenses" of estoppel, waiver, or laches are applicable. We disagree.

{¶ 24} Estoppel involves: (1) a representation by the party to be estopped; (2) which communicates some fact or state of affairs in a misleading way; (3) which induces reasonable, actual reliance by the second party; (4) who would suffer prejudice or pecuniary disadvantage unless the first party is estopped from an otherwise valid right in contradiction to his earlier representation. *Myers v. Myers*, 147 Ohio App.3d 85, 92 (3rd Dist.2002). We

- 5 -

find no evidence of any representation by husband inducing mother's reasonable, actual reliance on the representation.

{¶ 25} Waiver is a voluntary relinquishment of a known right that applies generally to all personal rights and privileges. *Chubb v. Ohio Bur. of Workers' Comp.*, 81 Ohio St.3d 275, 278-279 (1998). Waiver assumes one has an opportunity to choose either relinquishing or enforcing the right. *Id.* A waiver may be enforced by the person who had a duty to perform and who changed his or her position as a result of the waiver. *Id.* We find no indication in the record that husband voluntarily relinquished a known right and that mother changed her position as a result of any alleged relinquishment.

{¶ 26} Laches is an omission to assert a right for an unreasonable and unexplained length of time, under circumstances prejudicial to the adverse party. *Connin v. Bailey*, 15 Ohio St.3d 34, 35, (1984). Mere delay in asserting a right does not in and of itself constitute laches. *Id.* Rather, in order to succeed under the doctrine of laches, it must be shown that the person for whose benefit the doctrine will operate has been materially prejudiced by the delay of the person asserting his claim. *Id.* at 36.

{¶ 27} Husband testified that he had genetic testing performed in 2009, and was not aware before that time that the two children were not his biological children. The court determined that the parties separated in September 2009. Mother fails to show that laches should be applied to stop husband from rebutting the presumption he is the natural father.

{¶ 28} And finally, mother argues that husband assumed the role of father to the two children and the best interests of the children dictate that husband remain their father. However, husband clearly and convincingly rebutted the presumption that he is the children's *natural* father. Husband purposely sought and received this legal declaration and mother cannot force husband to retain a legal connection to these children.

{¶ 29} Mother's second assignment of error is overruled.

**{¶ 30}** Husband's request for fees and costs pursuant to App.R. 23 is denied.

**{¶ 31}** Judgment affirmed.

HENDRICKSON and PIPER, JJ., concur.