McCOY, EXR., v. GOSSER ET AL.

*Gifts inter vivos — Requisites — Intention to make gift — Necessity of delivery—Acceptance by donee—Burden of impeaching completed gift.*

1. To constitute a gift *inter vivos,* the donor must have the intention of making the gift, and he must deliver the thing intended to be given to the donee *in praesenti,* parting with all dominion and control over it. This, to constitute a perfect and complete gift, must be followed by acceptance by the donee of the thing given.
2. If a completed gift be shown, the burden of impeaching it is on him who asserts that there is no gift.

(Decided July 13, 1917.)

APPEAL: Court of Appeals for Coshocton county.

*Mr. C. B. Hunt,* for plaintiff.

*Mr. W. S. Merrell; Mr. George B. Harris* and *Mr. C. A. Neff,* for defendant Fannie N. Burns.

*Messrs. Kibler & Kibler; Mr. Frank E. Pomerene* and *Mr. George D. Klein,* for other defendants.

POWELL, J. This action is in this court by appeal, and is submitted on a transcript of the evidence offered in the court of common ·pleas, supplemented by some additional testimony. It is an action under favor of Section 10857, General Code, brought by C. B. McCoy, as executor of the will of Charles F. Gosser, deceased, asking the direction of the court in the administration of the estate of said decedent. A number of questions

are presented by the petition, relative to which plaintiff is in doubt as to his duties. All parties in interest are made parties to the suit, and their respective claims are presented by proper pleadings for that purpose; and, while several questions are raised by the petition, but one is presented to the court by briefs and the arguments of counsel. The facts necessary to an understanding of this particular question are as follows:

The decedent, C. F. Gosser, was at the time of his death a director in The Pope-Gosser China Company, a corporation engaged in business in Coshocton, Ohio. Prior to October, 1912, he had become the owner of a majority of its common stock, being 502 shares, represented by some six or seven stock certificates. These certificates had all been endorsed by him in blank, and given to the defendant Fannie N. Burns, in whose possession they were until November, 1912. October 24, 1912, at the request of said C. F. Gosser, three new certificates, aggregating 502 shares, were issued and delivered to him. Sometime in November, 1912, these three certificates, with a letter accompanying the same, were endorsed by him in blank and enclosed in an envelope and sent to said Fannie N. Burns, who then resided in Cleveland, Ohio, with a request that the other certificates, then in her possession, should be returned to him, which request was complied with by Mrs. Burns. The certificates so returned were handed to the secretary of said company, after the name of said decedent, which had been endorsed thereon in pencil, had been erased. The three certificates so sent to Fannie N. Burns were also endorsed by said

decedent, in blank, by writing his name on the back of the same with pencil. These certificates were in the ordinary form of common stock certificates of an Ohio corporation, with a printed form of assignment on the back, to which his signature in pencil was appended. Said certificates of said corporation were offered in evidence and are the capital stock certificates Nos. 42, 43 and 44.

The defendant Fannie N. Burns claims to own said three certificates and the capital stock of said corporation represented by them, and filed an answer and cross-petition in this action setting forth with particularity her claims in the premises. She bases her claims upon three grounds: 1. That they were given to her by decedent in his lifetime. 2. That they were specifically bequeathed to her by the express terms of the will of said decedent. 3. That if they are not expressly given to her by said will, they are given to her by implication.

The defendants William E. Gosser and Frank Gosser are brothers of said decedent, and with the four minor children of a deceased brother are the next of kin and heirs at law of said Charles F. Gosser, deceased. They deny that there was a gift of said stock to said Fannie N. Burns and deny that the same was given to her by the will of decedent, either expressly or by implication. The contention of William E. Gosser and Frank Gosser is that Charles F. Gosser died intestate as to these 502 shares of stock, and that they descend as intestate property under the laws of descent and distribution, to his heirs at law.

These are the two principal contentions in the case. There is still another claim made, which

was mentioned at the trial, but in support of which no brief was filed.

The minor children of the deceased brother of said Charles F. Gosser are residuary legatees under his will. If the claim of gift or bequest in favor of Fannie N. Burns should fail, and it should be held that said decedent did not die intestate as to these shares, they would then become a part of the residuum of his estate and pass to said minor children by the express terms of his will.

The defendants William E. Gosser and Frank Gosser contend that a gift to said Fannie N. Burns, if one were intended, failed because said decedent never parted with his control and dominion over the stock, even after it had been indorsed and delivered to her. He continued to vote the stock at the annual meetings of the stockholders, drew all the dividends declared thereon and deposited the same to his own bank account, and to all appearances acted as the owner of said stock, which was never transferred out of his name on the stock books of said corporation, but was in his name on said books at the time of his death.

To constitute a gift *inter vivos,* two things must concur on the part of the donor:

First, he must have the intention of making the *gift;* and, second, he must deliver the thing intended to be given to the donee, *in praesenti,* parting with all dominion and control over it. This must be followed by acceptance of the thing given, by the donee. When these elements concur, the transaction becomes a perfect or complete gift.

Did decedent intend to make a gift of this stock to Fannie N. Burns?

We think he did.   His letter to her enclosing the
stock certificates, his declarations to Mary W.
Burns and to Eleanor Mitchell, and the recitations
of his will, all show such intention.   They all stand
uncontradicted, and they can not be construed con-
sistently with any other intention.

There was also a delivery of the thing intended
to be delivered, so far as the same could be made.
The stock itself is an incorporeal thing, incapable
of being delivered except by that which represents
it, the stock certificates.   Stock certificates aggre-
gating 502 shares, issued to said Charles F. Gosser
in his lifetime, were delivered by him, indorsed in
blank, to the said Fannie N. Burns, and the same
were kept and retained by her, in her possession,
and under her control until his death.   The legal
effect of such delivery is defined by statute as fol-
lows:

"Sec. 8673-1.   Title to a certificate and to the
shares represented thereby can be transferred only,

"(a)   By delivery of the certificate indorsed
either in blank or to a specified person by the per-
son appearing by the certificate to be the owner of
the shares represented thereby.   *   *   *

"Sec. 8673-6.   The endorsement of a certificate
by the person appearing by the certificate to be the
owner of the shares represented thereby is effectual,
except as provided in section 7 [Section 8673-7],
though the indorser or transferer,   *   *   *

"(d)   Has received no consideration."

These sections are part of an act entitled, "An
act to make uniform the law of transfer of shares
of stock in corporation." (102 O. L., 500).

The indorsement and delivery of said certificates by the said decedent passed the legal title thereto to Fannie N. Burns. Of this, we think, there can be no doubt.

Did such title pass to her as donee of said stock, or as trustee of the same for the benefit of said decedent? It must have been in one of these two ways. There was no consideration for the transfer and the record does not disclose any declaration of trust on the part of decedent or of Mrs. Burns for his benefit. In legal effect such transfer must therefore have been a gift to her, unless such transfer can be impeached under the provisions of Section 8673-7, General Code.

There is nothing in the answer of William E. Gosser and Frank Gosser that states a cause of action in their favor or a defense to the claim of Fannie N. Burns to said stock, under the provisions of Section 8673-7.

Did the said decedent exercise such control over said shares as to defeat any intended gift of the same to said Fannie N. Burns?

We have seen that he had the intention to make such gift and that an unconditional delivery of the stocks to her had been made. This would constitute a perfect and completed gift. After such gift had been made and the property passed thereby to the donee, the parties to such transaction could deal with each other in relation thereto just as though the transfer had been made by a sale or any other way than by gift. The record shows his control and dominion over the shares, but it does not show his authority to exercise such control and dominion, or whether he had any such authority.

It does not show anything in relation to it, and his acts in the exercise of such control and dominion may have been with the fullest authority from her. At least there is nothing shown to the contrary. And besides, he exercised the same control and dominion over her other property as he did over these 502 shares of stock. This is shown by the record. There was a secrecy about the whole transaction that covered up everything that was not absolutely necessary to be made known. She never asked the officers of the corporation to transfer the shares to her own name, nor did she demand the dividends, nor in any other way did either of them disclose to the corporation that said certificates had been transferred to her. He continued to hold himself out to the world as the owner of the stocks and at the same time was sending her large sums of money. Who knows what accountings were had, or were intended to be had between them? We do not say there were any. We do not know, and the record does not disclose anything in relation to it. It neither sustains nor impeaches the claim of either of the parties in this particular. If a completed gift be shown, the burden of impeaching it is on him who asserts that there is no gift.

Without discussing this phase of the subject further, it will be sufficient to say that we hold there was a completed gift *inter vivos* of the stock in question from the said Charles F. Gosser to the defendant Fannie N. Burns, in November, 1912, if not prior to that time, and that she had possession and was the owner of the same at his death in September, 1916.

This conclusion in itself disposes of the claims made under the will of decedent with reference to said shares of stock.   If Fannie N. Burns was the owner of said stocks, at the date of testator's death, there was no title remaining in him, at least none shown by the record, on which his will could operate.   There is but one contingency, as we view it, in which it would make any material difference whether the language of the will with reference to these shares is dispositive or not, and that is in the event that the defendant Fannie N. Burns took the title to said shares, by delivery of the certificates, in trust for the benefit of said testator.   In such case he would still be the beneficial owner of such shares, with the consequent right to dispose of them by will.   There is no such case made by this record, and we find upon the principal contention for the defendant Fannie N. Burns — that she is the owner of said stock certificates Nos. 42, 43 and 44, aggregating 502 shares of the common capital stock of the said The Pope-Gosser China Company, with all the incidents of such ownership, and entitled to have such shares transferred to her on the stock books of said corporation.

Referring again to the claims of William E. Gosser and Frank Gosser, it is not to be believed that Charles F. Gosser, the decedent, would segregate the larger part of his estate for the sole purpose of dying intestate as to the part so segregated. Such in legal effect is the claim of the said defendants.   They say (1) there was no completed gift to Fannie N. Burns, (2) there is no *bequest* to her of the 502 shares by the will of said testator, and (3) said shares are expressly exempted from

passing to the residuary legatees, as a part of the residuum of his estate, by the plain and explicit language of the will itself; that therefore testator died intestate as to these shares.

The presumption of law is otherwise. If a man takes the pains to make a formal will, disposing of his estate, the presumption is that by such will he meant to dispose of all of his estate, and to overcome such presumption it must appear clear that he did not dispose of it or of some part of it. So far as any pronounced intendment of the testator appears by his will, Fannie N. Burns, Mrs. Chester A. Smith, Ruth Gosser, and the widow and children of Clarence Gosser, deceased, are the beneficiaries and the only beneficiaries entitled to share in the distribution of his estate. He had his whole estate in mind when he wrote his will. Nothing was omitted, so that if he died intestate as to any part of his property it is because he failed to use apt terms to dispose of the same, and to carry out the intention that seems so plainly apparent. It seems to be conceded by all parties that the intention of the testator is clearly ascertainable, and that if there is to be any failure in carrying this intention into effect it is because there is no authority on the part of the courts, under the settled rules of law, to declare and enforce such apparent intention.

To recapitulate, without further discussion, we find and hold:

1. There was a completed gift of said 502 shares of stock to the defendant Fannie N. Burns, by indorsement and delivery to her of the stock certificates representing the same.

2. That the language of the will of said decedent relative to such shares, if not expressly dispositive, clearly shows the intention of the testator that the same should be the property of said Fannie N. Burns, and is sufficient to convey title to said Fannie N. Burns, if for any reason the prior gift should fail in the lifetime of the donor. *Moon, Admr.,* v. *Stewart et al.,* 87 Ohio St., 349.

3. That the testator did not die intestate as to any of the property owned by him at his decease.

*Decree accordingly.*

HOUCK and SHIELDS, JJ., concur.