202

Andrews, Appellant, *v.* Ohio State Teachers
Retirement System Board et al., Appellees.

[Cite as Andrews v. Teachers Retirement System (1980),
62 Ohio St. 2d 202.]

(No. 79-1193—Decided May 21, 1980.)

204

*Messrs. Coe & Coe* and *Mr. Larry M. Coe,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Ronald J. Corn,* for appellee State Teachers Retirement System Board.

*Messrs. Porter, Wright, Morris & Arthur, Mr. Earl F. Morris* and *Mr. Albert L. Clovis* for appellees Teachers Insurance and Annuity Association of America and College Retirement Equities Fund.

WHITESIDE, J. The parties agree that Andrews is not entitled to purchase service credit with the State Teachers Retirement System, pursuant to R. C. 3307.32, unless she has effectively divested herself of any and all rights under the annuity contracts with TIAA and CREF.

Andrews contends that her unequivocal October 10, 1977, letter to TIAA effectively divests her of any rights under the annuity contracts, and that such letter constitutes either a release, discharge, waiver, renunciation, or gift, of any rights which she may have had under such contracts, and that if consideration be necessary, it is supplied by the benefit she will receive from being entitled to purchase service credit in the State Teachers Retirement System.

Appellees TIAA and CREF, on the other hand, contend that rescission and cancellation of the annuity contracts or renunciation or waiver by Andrews of her rights thereunder requires consideration, which is not present in this case.

Andrews has fully performed her obligations under the annuity contracts, and has a vested right to receive pension payments in accordance with the terms and conditions thereof. There is no further obligation on her part, but there are obligations upon TIAA and CREF to make payments in the future to Andrews upon the terms and conditions set forth in the contracts. Each of the contracts contains the identical paragraph 14 stating: "Any assignment or pledge of this certificate or of any benefit hereunder will be void and of no effect."

Under the annuity contracts, there is a duty on the part of TIAA and CREF to make certain payments to Andrews, with

no future reciprocal duty on her part. Under such circumstances, consideration would be required in order for there to be a rescission, release, or discharge of the obligation of TIAA and CREF to Andrews. See *Speroff* v. *First-Central Trust Co.* (1948), 149 Ohio St. 415. If there be no consideration for her "agreement," Andrews would not be precluded from enforcing her rights under the annuity contracts in the future unless her action be considered a waiver or a gift. Andrews' contention that there is consideration is somewhat tenuous at best.

A waiver partakes of some of the nature of estoppel and may be enforced by the person having a duty to perform, who has changed his position as a result of the waiver. *White Co.* v. *Canton Transportation* (1936), 131 Ohio St. 190. A waiver, however, is not enforceable by the person making the waiver as a renunciation over the objection of the "beneficiary" of the waiver.

Similarly, one may make a gift, as donor, only if the gift be accepted by the donee. See *Hamor* v. *Moore's Admrs.* (1858), 8 Ohio St. 239, 242; *Phipps* v. *Hope* (1866), 16 Ohio St. 586, 594; *Pressman* v. *Merrill, Lynch* (1960), 113 Ohio App. 70, 72; *McCoy* v. *Gosser* (1917), 8 Ohio App. 145, 148; 26 Ohio Jurisprudence 2d 147, 158, Gifts, Sections 7 and 16. Clearly, one does not have to accept an unwanted gift which another attempts to make to him.

Ordinarily, acceptance of a gift is presumed as stated in *Harvey* v. *Gardner* (1885), 41 Ohio St. 642, at 649:

"* * *In general, any gift by deed, will, or otherwise, is supposed *prima facie,* unless the contrary appears, to be beneficial to the donee. Consequently the law presumes, until there is proof to the contrary, that every gift, whether in trust or not, is accepted by the person to whom it is expressed to be given."

In this case there is proof to the contrary. To the extent, if any, that Andrews' actions constitute a gift, the record is clear that it was rejected by TIAA and CREF.

The same is true if the attempted action by Andrews is considered as a rescission, release, discharge, renunciation, or waiver. Whether or not supported by consideration, Andrews'

attempted action is not complete and effective, unless and until accepted or agreed to by TIAA and CREF. Here, they have neither agreed to nor accepted Andrews' attempted relinquishment of her rights under the annuity contracts, rendering her unilateral action ineffective.

TIAA and CREF have refused to accept or recognize Andrews' attempted renunciation of her rights under the annuity contracts because of the possible effect it might have upon its contracts with other annuitants, including the possible jeopardizing of the favorable tax status which the annuity contracts receive under the Internal Revenue Code. Whether or not acceptance of the attempted renunciation by Andrews would have the effect that TIAA or CREF fear is not before us, but the possibility of such adverse effect upon other annuity contracts makes it reasonable for them to refuse to accept Andrews' attempted renunciation of her rights under the annuity contracts, whether or not supported by consideration.

Whether viewed as a rescission, release, discharge, renunciation, waiver, gift, or otherwise, and whether or not supported by consideration, Andrews' attempted renunciation by her October 10, 1977, letter is ineffective so long as it is not accepted, or agreed to, by TIAA and CREF.

Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., W. BROWN, KERNS, SWEENEY, LOCHER and HOLMES, JJ., concur.

WHITESIDE, J., of the Tenth Appellate District, sitting for HERBERT, J.

KERNS, J., of the Second Appellate District, sitting for P. BROWN, J.