MYERS, Appellee,

v.

MYERS, Appellant.

Court of Appeals of Ohio,
Third District, Hancock County.

No. 5–01–30.

Decided Feb. 1, 2002.

Bradley S. Warren, for appellant.

John A. Kissh, Jr., for appellee.

Hadley, Judge.

{¶ 1} Defendant-appellant, Wayne A. Myers ("appellant"), appeals from a decision of the Hancock County Court of Common Pleas, Domestic Relations Division, awarding the plaintiff-appellee, Patricia A. Myers ("appellee"), judgment for child support arrearages in the amount of $22,409.49, plus interest.

{¶ 2} The pertinent facts and procedural history are as follows. Patricia and Wayne Myers were married in the state of Pennsylvania in 1967. The parties had two children: Victoria L. Myers, who was born November 29, 1967, and Terisha A. Myers, who was born February 10, 1970, following a physical split by the parents.

{¶ 3} Patricia was ten weeks pregnant with Terisha when the couple separated. Wayne moved to Texas, where he began working construction. Patricia remained in Findlay, Ohio. Wayne's brothers, his parents, and an uncle lived in Findlay at the time. Wayne's parents knew of Terisha's birth; however, Patricia never directly informed Wayne of the child's birth.

{¶ 4} One year following the separation, Patricia filed for divorce. At the time of the divorce, Patricia did not know of Wayne's whereabouts, and he was served with the complaint pursuant to "Notice by Publication" in a Hancock County newspaper. Wayne did not respond to the complaint. The trial court granted the divorce and ordered that Wayne pay child support for the two children in the amount of $25.00 per week plus poundage, as well as medical, optical, and dental expenses. Wayne claims that he learned of the divorce in 1971 from his father.

{¶ 5} Following the divorce, Wayne and Patricia remained out of contact in the ensuing 28 years. From 1970 to 1975, Wayne lived in Texas, California, Nevada, Ohio, and Indiana. Wayne eventually settled in San Diego, California, from 1975 through 1990. He testified that during this time, his name and number were posted in the phone book, he paid taxes, and he had informed all of his relatives, including those living in Findlay, of his whereabouts. In 1990, Wayne moved to Pennsylvania for a job project but thereafter returned to California.

{¶ 6} In 1998, Terisha, now at the age of 28, asked her mother how she could contact her father. Patricia referred her to Wayne's uncle, Robert, a resident of Findlay. Within days, Terisha obtained Wayne's phone number in California. Terisha and Victoria arranged a visit with their father in California in 1998. For various reasons, however, the trip was cancelled.

{¶ 7} On May 22, 2000, the Hancock County Child Support Enforcement Agency, on behalf of Patricia, filed a motion for judgment on arrears. The

motion claimed that Wayne owed Patricia the amount of $22,409.49 as of May 12, 2000, for unpaid child support. Wayne filed his response to the motion denying Patricia's entitlement to the lump-sum judgment and asserting defenses of waiver, estoppel, and laches.

{¶ 8} The matter was heard before the magistrate on October 25, 2000. On that date, Wayne filed his "Suggestion of Lack of Subject Matter Jurisdiction" pursuant to Civ.R. 12(H)(3). The magistrate found Wayne's defenses not to be well taken and recommended that Patricia's motion be granted and that judgment be awarded to Patricia, and against Wayne, for $22,409.49. Wayne thereafter filed timely objections to the magistrate's decision.

{¶ 9} On January 30, 2001, the common pleas court, after a review of the transcript of the proceedings, overruled Wayne's objections and affirmed the magistrate's decision in all resects. The appellant now asserts the following four assignments of error:

{¶ 10} "1. The trial court abused its discretion in failing to apply the doctrine of waiver to bar the appellee's motion for judgment on child support arrears.

{¶ 11} "2. The trial court abused its discretion in failing to apply the doctrine of laches to bar the appellee's motion for judgment on child support arrears.

{¶ 12} "3. The trial court abused its discretion in failing to apply the doctrine of estoppel to bar the appellee's motion for judgment on child support arrears.

{¶ 13} "4. The trial court erred in overruling appellant's suggestion of lack of subject matter jurisdiction pursuant to Ohio Civil Rule 12(H)(3)."

## STANDARD OF REVIEW

{¶ 14} When reviewing the propriety of a trial court's determination in matters concerning child support, an appellate court uses the abuse-of-discretion standard.[1] A trial court will not be found to have abused its discretion unless it is found that the court's attitude is unreasonable, arbitrary, or unconscionable.[2] "Since it is axiomatic that a trial court must have discretion to do what is equitable upon the facts and circumstances of each case, it necessarily follows

---

1. *State ex rel. Scioto Cty. Child Support Enforcement Agency v. Gardner* (1996), 113 Ohio App.3d 46, 52, 680 N.E.2d 221; *Booth v. Booth* (1989), 44 Ohio St.3d 142, 144, 541 N.E.2d 1028.

2. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

that a trial court's decision in domestic relations matters should not be disturbed on appeal unless the decision involves more than an error of judgment."[3]

## ASSIGNMENT OF ERROR NO. I

{¶ 15} "The trial court abused its discretion in failing to apply the doctrine of waiver to bar the appellee's motion for judgment on child support arrears."

{¶ 16} In his first assignment of error, the appellant asserts that the trial court erred by failing to apply his defense of waiver. "A waiver is a voluntary relinquishment of a known right * * * [which] applies generally to all personal rights and privileges."[4] A known right may be voluntarily relinquished through words or by conduct.[5] The person owing a duty to perform, who has changed his position as a result of another party's uncompelled abdication of a known right, may assert a defense of waiver.[6]

{¶ 17} The appellant asserts that the appellee waived her right to child support. He testified that upon their physical split in 1969, the appellee informed him that she wanted nothing from him and that she confirmed this sentiment thirty years later when she stated that his involvement in the children's lives would have been a hassle. The trial court disagreed and found the appellant's defense to be without merit. The trial court noted that in 1975, the appellee sought legal counsel to help her recover delinquent support. However, she was unable to afford counsel and pursue a collection or show-cause-type action. The court found that this evidence was not consistent with relinquishment of her rights to child support, especially in light of her testimony regarding her financial difficulties.

{¶ 18} The appellant relies on *Long v. Long*,[7] Ninth District case, to support his position. In *Long*, the court estopped the mother's attempts to collect child support arrearages.[8] There are notable similarities between *Long* and this case: there was no support paid for the children over a long period of time; there were

---

3. *Booth*, supra, at 144, 541 N.E.2d 1028 (citations omitted).

4. *Chubb v. Ohio Bur. of Workers' Comp.* (1998), 81 Ohio St.3d 275, 278, 690 N.E.2d 1267 (citations omitted).

5. *State ex rel. Ford v. Cleveland Bd. of Edn.* (1943), 141 Ohio St. 124, 25 O.O. 241, 47 N.E.2d 223.

6. *Andrews v. Teachers Retirement Sys. Bd.* (1980), 62 Ohio St.2d 202, 205, 16 O.O.3d 240, 404 N.E.2d 747.

7. (Oct. 22, 1980), Summit App. No. 9590.

8. Id.

no prior court actions to enforce the support order; and there were extended periods without contact between the parties. However, despite these parallels, we find *Long* to be factually distinguishable in one key respect to the present case. *Long* involved a mother who rebuffed the father's attempts to visit with his children.[9] From 1962–1964, Mr. Long attempted to visit his children but was prevented from doing so by the mother.[10] The mother remarried and moved, with the children, out of state. None of these factors exists in the instant case.

{¶ 19} For the aforementioned reasons, we find that the trial court did not abuse its discretion in finding the appellant's defense of waiver to be without merit. Accordingly, the appellant's first assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. II

{¶ 20} "The trial court abused its discretion in failing to apply the doctrine of laches to bar the appellee's motion for judgment on child support arrears."

{¶ 21} The applicable law is not in dispute. "Laches is an omission to assert a right for an unreasonable and unexplained length of time, under circumstances prejudicial to the adverse party. It signifies delay independent of limitations in statutes. It is lodged principally in equity jurisprudence."[11] To invoke the doctrine of laches, the following must be established: "Delay in asserting a right does not of itself constitute laches, and in order to successfully invoke the equitable doctrine of laches it must be shown that the person for whose benefit the doctrine will operate has been materially prejudiced by the delay of the person asserting his claim."[12]

{¶ 22} The question in this case thus becomes whether facts have been stated to persuade the conscience of the court to grant appellant relief from the rights asserted by appellee. This court would stress that the facts of this case are basically undisputed. There is no question that the appellee delayed in asserting her right to collect child support on behalf of her daughters. However, there is no evidence that the appellant was prejudiced by this delay.

{¶ 23} The appellant argues that he never planned to pay child support and has no means by which to come up with the money. He testified that he is his

---

9. Id.

10. Id.

11. *Connin v. Bailey* (1984), 15 Ohio St.3d 34, 35, 15 OBR 134, 472 N.E.2d 328, quoting *Smith v. Smith* (1957), 107 Ohio App. 440, 443–444, 8 O.O.2d 424, 146 N.E.2d 454.

12. *Connin*, 15 Ohio St.3d at 35, 15 OBR 134, 472 N.E.2d 328; *Smith v. Smith* (1959), 168 Ohio St. 447, 7 O.O.2d 276, 156 N.E.2d 113, paragraph three of the syllabus.

wife's sole means of support, and that he has insufficient assets to pay the judgment, even in installments. In addressing a similar argument, this court stated in *Cochenour v. Bradley*[13]:

{¶ 24} "It is the appellant's contention that he was prejudiced by the failure of the appellee to enforce the support order at an earlier date. He claims that, in reliance upon this non-action, he married his present wife and thereby changed his position by assuming new obligations. We find no merit in this contention. * * * The duty of support existed at the time and was continuing. Any reliance on non-enforcement at this time was misplaced * * *."

{¶ 25} Clearly, from the time of the divorce, the appellant had a continuing duty, arising from the judgment entry filed at that time, to pay child support. The appellant was made aware of the divorce in 1971 by his father and chose not to inquire as to whether he owed child support. Reliance by the appellant on the non-enforcement of the entry is misplaced and improper, as it did not discharge his obligation to support his children.

{¶ 26} Furthermore, it has been held that the length of the delay alone is insufficient to constitute material prejudice. The mere inconvenience of having to meet an existing obligation imposed by an earlier order of judgment of a court cannot be called material prejudice.[14]

{¶ 27} Finally, the appellant's reliance on *Gerlach v. Gerlach*[15] is misplaced. In *Gerlach*, the defendant had made several child support payments, but the plaintiff could not remember the amount of the payments or their frequency. The defendant was unable to produce evidence to support the claim that he had made payments, and his father, who could have offered testimony on the issue, had passed away. In the present case, no child support payments were ever made, and none of the essential facts is in dispute. Therefore, *Gerlach* has no bearing upon the outcome of this case.

{¶ 28} As we find that the appellee was not subject to the defense of laches and, thus, that the trial court did not abuse its discretion in awarding the appellee child support arrearages, the appellant's second assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. III

{¶ 29} "The trial court abused its discretion in failing to apply the doctrine of estoppel to bar the appellee's motion for judgment on child support arrears."

---

13. (Nov. 8, 1988), Logan App. No. 8–87–13, 1988 WL 122509.

14. *Smith,* 168 Ohio St. at 457, 7 O.O.2d 276, 156 N.E.2d 113.

15. (1997), 124 Ohio App.3d 246, 705 N.E.2d 1287.

■ {¶ 30} In his third assignment of error, the appellant contends that the trial court abused its discretion by finding that the appellant failed to prove the elements necessary to establish a claim for estoppel. The elements of equitable estoppel are (1) a representation by the party to be estopped; (2) which communicates some fact or state of affairs in a misleading way; (3) which induces reasonable, actual reliance by the second party; (4) who would suffer prejudice or pecuniary disadvantage unless the first party is estopped from an otherwise valid right in contradiction to her earlier representation.[16]

{¶ 31} The defense of estoppel is closely related to the defenses of laches and waiver and the three are often asserted together. As previously discussed, the essential facts are not in dispute and the question here is whether the evidence supports a defense of equitable estoppel. Similar to our conclusion with respect to laches, we find that the evidence does not support the appellant's claims that he would suffer prejudice unless the appellee is estopped from exercising her right to child support arrearages. The delay alone is insufficient to constitute material prejudice.[17] Therefore, we find that the trial court did not abuse its discretion, and the appellant's third assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. IV

{¶ 32} "The trial court erred in overruling appellant's suggestion of lack of subject matter jurisdiction pursuant to Ohio Civil Rule 12(H)(3)."

■ {¶ 33} In his final assignment of error, the appellant asserts that the 1970 judgment entry was dormant pursuant to the mandates of R.C. 2329.07, and, therefore, there was no longer an original existing judgment upon which to make an award of arrearage for future execution.

{¶ 34} R.C. 2329.07 provides:

{¶ 35} "If neither execution on a judgment rendered in a court of record or certified to the clerk of the court of common pleas in the county in which the judgment was rendered is issued * * * within five years from the date of the judgment * * *, then, * * * the judgment shall be dormant and shall not operate as a lien upon the estate of the judgment debtor."

{¶ 36} In *Smith*, the Ohio Supreme Court stated that support orders are not subject to the dormancy provisions of the laws of Ohio before the rights of the

---

16. *Johnson v. Franklin* (1989), 64 Ohio App.3d 205, 210, 580 N.E.2d 1142.

17. *Smith*, 168 Ohio St. at 447, 7 O.O.2d 276, 156 N.E.2d 113.

parties with respect to an unalterable amount remaining due on the order are finally fixed.[18]  Therefore, the dormancy and revivor statutes did not apply in this case until the unalterable amount remaining on the order was finally fixed.  In the present case, Terisha, the youngest child, reached the age of majority on February 10, 1998.  The amount remaining on the order was finally fixed nearly three years later by the court below on January 30, 2001.  The dormancy provision will not apply to this judgment until January 30, 2006.

{¶ 37}  The court below erred in concluding that the support obligation is not a "debt" and is, therefore, not subject to the limitations and restrictions of R.C. 2329.07.  However, because we determined that the dormancy provision does not apply to the judgment until 2006, we find that the trial court's error did not prejudice the appellant.  Accordingly, the appellant's final assignment of error is overruled.

{¶ 38}  Although we affirm the judgment of the court below, we caution those who hesitate to collect child support payments.  This warning extends particularly to those who would wait a period of years after their youngest child reaches the age of majority before pursuing a motion for judgment on arrears.  While the doctrines of laches and estoppel did not prevent this plaintiff from recovering a lump-sum judgment for past support payments due, future defendants may in fact be materially prejudiced to the extent that they fall within the equitable protection of the doctrines.

{¶ 39}  Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

Judgment affirmed.

WALTERS, P.J., and SHAW J., concur.

---

18.  *Smith,* 168 Ohio St. at 451, 7 O.O.2d 276, 156 N.E.2d 113.