OPINION
{¶ 1} Although this appeal has been placed on the accelerated calendar, this court elects to issue a full opinion pursuant to Loc.R. 12(5). Plaintiff-appellant Kathy Johnson n.k.a. Levan ("Levan") brings this appeal from the judgment of the Court of Common Pleas of Union County denying her motion to modify custody.
 {¶ 2} On April 12, 2000, defendant-appellee Richard Johnson ("Johnson") was designated the residential parent of the parties' minor children, Branda Johnson ("Branda"), born May 9, 1985, Richard Johnson ("Richard"), born September 7, 1987, and Kandra Johnson ("Kandra"), born July 12, 1992.[1] Johnson was charged with domestic violence in February of 2001 for an incident involving Branda. The charge was reduced to disorderly conduct and the municipal judge "suggested" that Branda live with Levan. On February 2, 2001, Branda moved to Levan's home and remained there with the approval of both Levan and Johnson.
 {¶ 3} In the summer of 2001, allegations were made that Richard had engaged in inappropriate sexual touching of Kandra. Children's Services investigated the claim and determined that the sexual abuse did occur. Mar. 10, 2003, Tr. 13. The agency determined that since Kandra had moved to her mother's home, away from the problem, and was safe, it would not open a case file. Mar. 10, 2003, Tr. 15. The agency notified Johnson that they believed the move was in the best interest of Kandra and Johnson did not object to the change.
 {¶ 4} Although Kandra and Branda were in Levan's home, she continued to pay the full amount of child support for all three children that had been set in the 2000 judgment entry. These funds were not returned to her and Johnson did not contribute any funds to Levan for child support. Levan testified that she and Johnson had agreed to set off the child support payments she made for the girls against the uninsured medical expenses she owed Johnson from the 2000 entry.
 {¶ 5} On January 8, 2003, Levan filed a motion to modify custody of Branda and Kandra to her. Levan also sought back child support or credit for support paid by her for the two years she had physical custody of the children. On January 24, 2003, Johnson filed a motion to show cause and requested that the children be returned to him immediately. A hearing was held on February 4, 2003, and March 10, 2003. On March 17, 2003, the magistrate entered a judgment entry finding that no change of circumstance existed and ordered the children returned to Johnson immediately. The magistrate also found that Levan was not entitled to a set off for the time Levan had physical custody of the children because it was not a change of custody pursuant to a court order. Finally, the magistrate found Levan in contempt of court for her failure to pay her half of the medical bills from the 2000 judgment entry and sentenced Levan to five days in jail unless she paid $2,435.73 to Johnson. The magistrate refused to credit Levan with an $800 payment made in 2001 or to credit any sums paid by Levan for medical expenses occurring during the time the children were in her physical custody and for which Johnson had not paid his half. On March 31, 2003, Levan filed objections to the magistrate's findings. The trial court overruled the objections and affirmed the magistrate's findings on July 28, 2003. It is from this judgment that Levan appeals and raises the following assignments of error.
The trial court erred and abused its discretion in denying [Levan's]motion for a modification of custody of the parties' minor children.
 The trial court erred and abused its discretion in denying [Levan's]request that she receive certain credits for child support paid by herduring the time she had physical custody of the parties' minor children.
 The trial court erred and abused its discretion in finding [Levan] incontempt of court for failure to pay certain uninsured medical expensesand erred in finding that additional sums were due and owing absentcredible evidence that [Johnson] actually incurred these expenses orsubmitted the same to [Levan] for payment.
 {¶ 6} In the first assignment of error, Levan claims that the trial court erred by denying her motion for a modification of custody. This court notes that the circumstances of this case are not similar to those traditionally to be found. Usually, the nonresidential parent does not have physical custody of the children and is attempting to change the situation so that he or she does have physical custody of the children. This is a prospective change that requires the three part analysis engaged in by the trial court. The case at bar is different because Levan, the nonresidential parent, had physical custody of the children for approximately two years before she filed her motion. In addition, Levan had physical custody of the children with the full knowledge and consent of Johnson. Thus, Levan's motion is one, in effect, requesting a court order acknowledging the changed circumstances.
 {¶ 7} A motion to modify custody shall not be granted unless the court finds that "based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child * * * and that the modification is necessary to serve the best interests of the child." R.C. 3109.04(E)(1)(a). The trial court shall retain the previously designated residential parent unless the modification is in the best interest of the child and one of the following applies: "(i) The residential parent agrees to a change in the residential parent * * * [or] (iii) the harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child." Id. This court has consistently held that absent a change of circumstances, no change should be made. However, if there is a change of circumstance, then the best interests of the child need to be considered.
 {¶ 8} In reviewing the facts in this case, it is undisputed that the circumstances of the children have changed greatly since the prior decree. Under the prior decree, Johnson was to have physical custody of Kandra and Branda. However, pursuant to suggestions made by the municipal court and children's services respectively, Johnson agreed that the girls should live with Levan. Levan has had physical custody of the girls since 2001. This is a substantial change in the circumstances of the girls. Thus the trial court was mistaken in considering no change of circumstances to have occurred.
 {¶ 9} Since a change of circumstances has occurred, the next step is to determine whether the change is in the best interests of the children. This is where the analysis must depart from the traditional test used to determine best interest of the children. When considering a prospective motion, the trial court is supposed to determine whether the change would be good for the children. In this case, the change has already occurred. The parents agreed to make this change because they felt that the change was in the best interest of the children.[2] Under the situation presented to the trial court, Levan was paying support to Johnson, who now only had physical custody of Richard. In addition, Levan was actually providing full support for Branda and Kandra, who were living with her. Johnson, on the other hand was receiving support for three children while only providing support for one child. Making the court order match the situation would affect the amount of child support paid and received by the parties and would be in the best interest of Branda and Kandra because they would be receiving the benefit of all of the support to which they are entitled.
 {¶ 10} After a determination is made that the change is in the best interest of the children, the court must find one of the three conditions have been met. This court notes that although Johnson did not consent to an official change of custody, he did not object to the actual change until Levan filed for modification of custody and her duty to pay child support to Johnson and for an award of child support from Johnson. His acquiescence for approximately two years may be sufficient for the trial court to find that Johnson agreed to a change in residential parent status. However, if the trial court should determine that he had not acquiesced, it must then determine if the harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment. Once again, this test is altered because of the facts of the situation. The girls have been living with their mother for approximately two years. Thus, any harm to be caused by the change would have already occurred. Because the change has already occurred, the trial court must look at the situation as to whether the benefits of returning the children to Johnson would outweigh any harm suffered in their present environment.
 {¶ 11} Since a change of circumstances has occurred in this case, the trial court erred by finding none. The first assignment of error is sustained.
 {¶ 12} Next Levan claims that the trial court erred by not crediting the amount of her child support payments to Johnson against the amount of earlier medical expenses ordered to be reimbursed by her to Johnson. The trial court, relying on R.C. 3119.88, held that although Levan supported the girls without contribution by Johnson and they resided with Levan in fact, they did not do so pursuant to court order changing their residential parent, so support payments could not terminate.
 {¶ 13} The purpose of child support is to benefit the children, not to benefit the legal custodian of the children. It is the right of the children. Peterson v. Hunt (Oct. 15, 1998), Allen App. No. 1-98-25, unreported.
This court has previously held that applying credits to supportarrearage is proper and is not a retroactive modification of a supportobligation. * * * Additionally, a court may consider in kind support bythe noncustodial parent when the child is residing with the noncustodialparent for an extended period of time. * * * Where the custodial parentdoes not provide that support, and instead, the child resides with thenoncustodial parent who provides full support in kind, the custodialparent is not entitled to judgment for a support arrearage for such timeas full support was provided by the noncustodial rather than thecustodial parent.
Id. (Citations omitted.) In Peterson, the children of the parties resided with the non-residential parent who supported them entirely but continued to pay support as ordered to the court-designated residential parent. We held that the trial court appropriately allowed a credit for such support payments to reduce an earlier arrearage owed by the non-residential parent.
 {¶ 14} In this case, the parties, in effect had split parental rights since Johnson retained physical custody of Richard while Levan assumed physical custody of Branda and Kandra. Johnson provided no support for Branda and Kandra during this time. Levan continued to pay child support for Branda, Kandra, and Richard as well as providing full support for Branda and Kandra who were residing in her home. Thus, Levan is entitled to a credit for amounts owed by her to Johnson for the extra child support she paid. In addition, Levan should be credited for any amount Johnson should have been required to pay in support of Branda and Kandra. To hold otherwise would be to provide a windfall to Johnson and to deny Branda and Kandra the benefit of the support they are entitled to receive.[3] Thus, the second assignment of error is sustained.
 {¶ 15} In the third assignment of error, Levan claims that the trial court erred by finding her in contempt of court for failure to pay the overdue medical claims. Since we have already determined that Levan is entitled to a credit against those bills, the total amount owed, if any, must be recalculated. In addition, any new expenses that occurred after the April 12, 2000, judgment entry must be proven. Both Johnson and Levan allege that additional expenses existed. These amounts need to be reviewed and recalculated to determine what the actual figures are. Until that is complete, Levan may not be found to be in contempt of court for a failure to pay, for she may owe nothing. The third assignment of error is sustained.
 {¶ 16} The judgment of the Court of Common Pleas of Union County is reversed and the cause is remanded for further proceedings.
Judgment reversed and cause remanded.
Walters and Shaw, JJ., concur.
[1] There was also a fourth child, Amanda, who was born on March 26, 1982, and was an emancipated adult during all relevant proceedings.
[2] This court notes that Johnson's agreement to permit Branda to move may have been somewhat coerced by the municipal court's "suggestion" that it would be a good idea and the trial court's acceptance of a plea of guilty to disorderly conduct rather than the charged offense of domestic violence.
[3] See R.C. 3119.023 for a computation worksheet for split parental rights and responsibilities.