DECISION ON OBJECTIONS TO MAGISTRATE'S DECISION
{¶ 1} Relator, D. James Brown, commenced this original action requesting a writ of mandamus that orders respondent State Teachers Retirement System Board of Ohio ("the board") to allow him to purchase credit with the State Teachers Retirement System ("STRS").
 {¶ 2} Pursuant to Civ.R. 53 and Section (M), Loc.R. 12 of the Tenth Appellate District, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) In his decision the magistrate concluded that Ohio Adm. Code 3307:1-3-03(C)(1) "compelled respondent to deny relator's application to purchase Ohio-valued credit." (Magistrate's Decision, 23.) Accordingly, the magistrate determined the requested writ should be denied.
 {¶ 3} Relator filed objections to the magistrate's decision, asserting the magistrate erred in resolving this matter through application of Ohio Adm. Code 3307:1-3-03(C), when that rule conflicts with R.C. 3307.74(C), the statute on which the rule is premised.
 {¶ 4} We adopt the magistrate's findings of fact, to which no objections have been filed. According to them, relator became a member of STRS in 1981, when he began employment with the Pymatuning Valley School District in Ohio. Before that, relator taught for approximately 11 years in the Pennsylvania public school system and contributed to the Pennsylvania Public School Employees Retirement System ("PSERS"). On leaving the Pennsylvania public school system, relator received a monthly pension benefit from PSERS beginning in June 1981 and continuing through April 2004.
 {¶ 5} In May 2004, relator submitted to STRS an application to purchase Ohio-valued credit. In completing a portion of the application, PSERS certified that relator received a monthly benefit from June 1981 through April 2004, and further indicated relator was not now receiving or entitled to receive in the future any benefits from PSERS, as relator had rescinded his right to receive such benefits. Because relator received benefits from PSERS, STRS informed relator by letter dated June 15, 2004 that his application to purchase Ohio-valued credit was denied.
 {¶ 6} R.C. 3307.74(C), the pertinent statute, is set forth in the magistrate's decision and provides that a "member is ineligible to purchase under this section service that is used in the calculation of any retirement benefit currently being paidor payable in the future to such member under any other retirement program, except social security." (Emphasis added.) The statute further requires that "the member shall certify on a form furnished by the board that the member does and will conform to this requirement" at the time the credit is purchased. Pursuant to R.C. 3307.74(E), "[t]he retirement board shall establish a policy to determine eligibility to purchase credit under this section, and its decision shall be final."
 {¶ 7} Apparently promulgated pursuant to R.C. 3307.74(E), Ohio Adm. Code 3307:1-3-03(C) provides:
Credit may not be purchased for service during which a member participates in any other retirement program, except Social Security, provided:
(1) If participation was in a defined benefit plan, otherwise qualifying service may be purchased upon certification by the plan administrator that there has been a total withdrawal and cancellation of all credit for such participant.
 {¶ 8} Premised on R.C. 3307.74(C), relator contends he is entitled to purchase service credit because he is not currently being paid, or entitled in the future to, any benefits from PSERS. By contrast, the board contends, pursuant to the administrative code provision, that, because relator has received some benefits from PSERS, relator is not capable of canceling all credit as the rule requires. Because Ohio Adm. Code3307:1-3-03(C), as the board interprets it, generates a result contrary to R.C. 3307.74(C), we are constrained to apply the language of the statute and find relator is entitled to purchase the service credit at issue.
 {¶ 9} "It is well settled that an administrative agency has only such regulatory power as is delegated to it by the General Assembly. Authority that is conferred by the General Assembly cannot be extended by the administrative agency." Pacella v.Ohio Dept. of Commerce, Div. of Real Estate, Franklin App. No. 02AP-1223, 2003-Ohio-3432, at ¶ 27, quoting D.A.B.E., Inc. v.Toledo-Lucas Cty. Bd. of Health, 96 Ohio St.3d 250,2002-Ohio-4172. Thus, "[a]dministrative rules may not formulate public policy, but rather are limited to developing and administering policy already established by the General Assembly." Pacella, at ¶ 27. Accordingly, "an administrative agency may not legislate by enacting rules which are in excess of legislative policy, or which conflict with the enabling statute." Id., quoting Taber v. Ohio Dept. of Human Services (1998),125 Ohio App.3d 742, 750, quoting P.H. English v. Koster (1980),61 Ohio St.2d 17.
 {¶ 10} Here, the board's interpretation of Ohio Adm. Code3307:1-3-03(C) conflicts with R.C. 3307.74(C). According to the board, relator received benefits under PSERS, he cannot cancelall credit, and he therefore is not eligible to purchase service credit. Contrary to the board's interpretation of the Ohio administrative code provision, R.C. 3307.74(C) permits relator to purchase service credit if he is not currently being paid benefits from PSERS and is not entitled to be paid such benefits in the future. Due to relator's renunciation of all remaining benefits in PSERS, he meets the criteria set forth in R.C. 3307.74(C) and, as a result, is eligible under the statute to purchase Ohio-valued service credit.
 {¶ 11} We recognize the seeming inconsistency in allowing relator to purchase service credit in STRS premised on service rendered in Pennsylvania for which he already has received some monthly pension benefits. The legislature, however, has not precluded such a purchase, and we apply the statute according to its terms. Accordingly, relator's objections are sustained.
 {¶ 12} Following independent review pursuant to Civ.R. 53, we find the magistrate has properly determined the pertinent facts and we adopt those as our own. For the reasons set forth in this decision, we reject the magistrate's conclusions of law and grant a writ ordering respondent State Teachers Retirement System Board of Ohio to allow relator to purchase the requested service credit with STRS.
Objections sustained; writ granted.
Sadler and McCormac, JJ., concur.
McCormac, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), ArticleIV, Ohio Constitution.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. D. James Brown, :
Relator, :
v. : No. 04AP-753
State Teachers Retirement System : (REGULAR CALENDAR) Board of Ohio,
:
 Respondent. :
 MAGISTRATE'S DECISION Rendered on March 17, 2005 Green Haines Sgambati Co., L.P.A., Stanley J. Okusewsky, III,Ira J. Mirkin and Barry Laine, for relator.
Jim Petro, Attorney General, and John E. Patterson, for respondent.
IN MANDAMUS.
 {¶ 13} In this original action, relator, D. James Brown, requests a writ of mandamus ordering respondent State Teachers Retirement System Board of Ohio to allow him to purchase service credit with the State Teachers Retirement System ("STRS").
Findings of Fact:
 {¶ 14} 1. Relator became a member of STRS in 1981 when he began employment as a teacher for the Pymatuning Valley School District of Ohio.
 {¶ 15} 2. Prior to teaching in Ohio, relator taught for approximately 11 years in the Pennsylvania public school system during which time he contributed to the Pennsylvania Public School Employees Retirement System ("PSERS"). Relator was employed by the Conneaut School District.
 {¶ 16} 3. Upon leaving the Pennsylvania public school system, relator received a monthly pension benefit from PSERS from June 1981 through April 2004.
 {¶ 17} 4. In May 2004, relator submitted to STRS an application to purchase Ohio-valued credit. PSERS completed a portion of the application. PSERS certified that relator had received a monthly benefit from June 1981 through April 2004. PSERS further indicated that relator is not now receiving or entitled to receive in the future any benefit from PSERS. PSERS wrote: "Member rescinded his right to receive a monthly benefit."
 {¶ 18} 5. By letter dated June 15, 2004, STRS informed relator:
We have received your Application to Purchase Ohio-ValuedCredit for your service with Conneaut Schools in Pennsylvania.
To be eligible to purchase this service, a member cannot have funds on account or be eligible for any other retirement benefit, except Social Security, based on the service to be purchased. Since you received retirement benefits, from June of 1981 through April of 2004, from the Public School Employees Retirement System of Pennsylvania, your service is not eligible to purchase.
(Emphasis sic.)
 {¶ 19} 6. On July 26, 2004, relator, D. James Brown, filed this mandamus action.
Conclusions of Law:
 {¶ 20} It is the magistrate's decision that this court deny relator's request for a writ of mandamus, as more fully explained below.
 {¶ 21} R.C. 3307.74(C) states:
A member is ineligible to purchase under this section service that is used in the calculation of any retirement benefit currently being paid or payable in the future to such member under any other retirement program, except social security. At the time the credit is purchased, the member shall certify on a form furnished by the board that the member does and will conform to this requirement.
 {¶ 22} R.C. 3307.74(E) states: "The retirement board shall establish a policy to determine eligibility to purchase credit under this section, and its decision shall be final."
Supplementing the statute, Ohio Adm. Code 3307:1-3-03(C) states:
Credit may not be purchased for service during which a member participates in any other retirement program, except Social Security, provided:
(1) If participation was in a defined benefit plan, otherwise qualifying service may be purchased upon certification by the plan administrator that there has been a total withdrawal and cancellation of all credit for such participant.
According to relator, the issue here is:
* * * [W]hether the language in Ohio Revised Code Section3307.74(C) which states "currently being paid or payable in the future" includes past paid benefits from another retirement benefit that are no longer being paid because the individual has rescinded and irrevocably terminated his or her rights to those benefits prior to filing an application for purchase of Ohio-Valued Service Credit.
(Relator's brief, at 1.)
 {¶ 23} In his brief, relator ignores Ohio Adm. Code3307:1-3-03(C)(1) which provides the answer to relator's question. Clearly, the administrative rule compelled respondent to deny relator's application to purchase Ohio-valued credit. SeeAndrews v. State Teachers Retirement Sys. (1980),62 Ohio St.2d 202.
 {¶ 24} Accordingly, for all the above reasons, it is the magistrate's decision that this court deny relator's request for a writ of mandamus.