[Cite as *Cauthen v. Cauthen*, 2017-Ohio-5846.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

SHINA A. CAUTHEN,

    PLAINTIFF-APPELLANT,          CASE NO.  9-17-01

    v.

JACK CAUTHEN,               O P I N I O N

    DEFENDANT-APPELLEE.

**Appeal from Marion County Common Pleas Court**
**Family Division**
**Trial Court No. 2013 PC 0024**

**Judgment Affirmed**

**Date of Decision:  July 17, 2017**

**APPEARANCES:**

    *Robert C. Nemo* **for Appellant**

    *Jeff Ratliff* **for Appellee**

**PRESTON, P.J.**

{¶1} Plaintiff-appellant, Shina M. Cauthen ("Shina"), appeals the December 2, 2016 judgment entry of the Marion County Court of Common Pleas, Family Division, granting defendant-appellee, Jack Cauthen ("Jack"), a credit against his outstanding child-support obligation. For the reasons that follow, we affirm.

{¶2} This case stems from a dissolution granted in California in October of 2004. Under the order that dissolved the parties' marriage, the parties were to have joint legal custody of their three children, and Jack was to pay $589 monthly to Shina in child support. After the dissolution, Shina moved with her children to Marion, Ohio. In May of 2006, Jack followed Shina to Marion and began living with her and their children. On April 2, 2007, Shina informed Marion's Child Support Enforcement Agency ("CSEA") that she was not in need of any services from them. Jack resided with Shina and the children until the middle of 2012, during which time he cared for the children while Shina worked. After Jack's departure from the home, Shina requested services from Marion's CSEA in August of 2012. On May 11, 2015, Jack filed a motion to "substantially" reduce the amount of his

child support arrearage. (Doc. No. 40).[1]

**{¶3}** The magistrate's decision in this case was filed June 21, 2016. (Doc. No. 68). The trial court's initial judgment entry adopting the magistrate's decision was filed July 12, 2016. (Doc. No. 69). On July 14, 2016, Shina filed a motion asking the trial court to grant her additional time to file objections to the magistrate's decision and to vacate its own judgment entry filed July 12, 2016. (Doc. No. 70). The trial court granted that motion on July 19, 2016. (Doc. No. 71). Shina filed objections to the magistrate's decision on July 21, 2016 and September 12, 2016. (Doc. Nos. 73, 76). The trial court overruled those objections on December 1, 2016. (Doc. No. 80). The trial court filed its judgment entry granting Jack's motion to reduce his child support arrearage on December 2, 2016. (Doc. No. 81). Shina filed her notice of appeal on January 3, 2017. (Doc. No. 82). She brings one assignment of error for our review.

**Assignment of Error**
**The Trial Court Erred in Sustaining Appellee's Motion For**
**Modification of Arrearage.**

---

[1] Jack's motion to reduce his child support arrearage was filed in the context of a larger and quite lengthy legal battle, which delayed a final judgment on his motion. The trial court joined CSEA as a party. (Doc. No. 48). On July 14, 2015, Shina filed a response to Jack's motion to substantially reduce his child support arrearage. (Doc. No. 47). The trial court set another pretrial for September 28, 2015. (Doc. No. 50). Jack filed a motion to reallocate parental rights and responsibilities on August 27, 2015. (Doc. No. 51). The trial court scheduled another pretrial conference for November 12, 2015 (Doc. No. 58). Only the issue of child support was before the trial court by the time of the contested hearing on April 22, 2016. (Doc. No. 65).

{¶4} In her sole assignment of error, Shina argues that the trial court erred in sustaining Jack's motion to modify his child support arrearage. Specifically, she argues that R.C. 3119.83 prohibits a child support enforcement agency from retroactively modifying an obligor's duty to pay a delinquent child support balance. Further, she argues that R.C. 3119.84 says that a court may modify a child support arrearage only to the extent that the arrearage accrues after a petition to modify the order has been given to each obligee and to the obligor before a final order concerning the petition modification is entered. She argues that, as neither party filed a request to modify the child support during the period for which the trial court granted Jack a credit against his obligation, the trial court's order crediting Jack against his obligation for the time he and Shina lived together was improper. Shina further argues that the parties' divorce decree states that the reconciliation of the parties does not cancel or modify the parties' obligations.

{¶5} We review the propriety of the trial court's determination as to child support for an abuse of discretion. *Myers v. Myers*, 147 Ohio App.3d 85, 88 (3d Dist.2002). The term "abuse of discretion" refers to a decision that is "arbitrary, unreasonable, or unconscionable." *Sandusky Properties v. Aveni*, 15 Ohio St.3d 273, 275 (1984), citing *Dayton ex rel. Scandrick v. McGee*, 67 Ohio St.2d 356, 359 (1981) and *State v. Adams*, 62 Ohio St.2d 151,157 (1980). An abuse of discretion

results "only when no reasonable man could take the view adopted by the trial court." *Pembaur v. Leis*, 1 Ohio St.3d 89, 92 (1982).

{¶6} Applying the principles above, we conclude that the trial court did not act unreasonably, arbitrarily, or unconscionably in this case. Shina's entire argument, whether made with reference to statutory provisions or to the parties' separation agreement, is based on the assumption that the trial court's decision to credit Jack's child support arrearage between April 2007 and August 2012 constitutes a retroactive modification of his child support. This premise is flawed. In *Peterson v. Hunt*, we dealt with a situation in which an obligee appealed the trial court's order granting the obligor a credit against his child support obligation for time during which his children resided with him. *Peterson v. Hunt*, 3d Dist. Allen No. 1-98-25, 1998 WL 720690, *2 (Oct. 15, 1998). We affirmed the trial court's decision, explaining that

> The purpose of child support is for the support of the child. Where the custodial parent does not provide that support, and instead, the child resides with the noncustodial parent who provides full support in kind, the custodial parent is not entitled to judgement for a support arrearage for such time as full support was provided by the noncustodial, rather than the custodial, parent.

*Id.*, citing *Gartner v. Gartner*, 10th Dist. Franklin No. 83AP-847, 1984 WL 5850, *2 (July 26, 1984). We further held that applying credits to a child support arrearage is proper and is not a retroactive modification of a child support obligation. *Id.*, citing *Wornstaff v. Wornstaff*, 3d Dist. Union No. 14-91-42, 1992 WL 82631, * 2 (Apr. 23, 1992). We have also followed the line of reasoning in other cases. *See, e.g., Johnson v. Johnson*, 3d Dist. Union No. 14-03-32, 2003-Ohio-6710. In *Johnson*, we were faced with a set of facts in which two of the parties' three children moved from their father's house to their mother's house, but mother continued to pay child support for all three children. *Id.* at ¶ 4. After the trial court refused to grant mother a credit against her child support arrearage for the period during which the children resided with her, we reversed the trial court, finding that mother was entitled to a credit for the extra child support she paid. *Id.* at ¶ 14. We noted that holding to the contrary would give father a windfall by giving him the child support that mother paid, in addition to the financial benefit that already accrued to him by virtue of the fact that mother provided in-kind support to the children during the time they lived with her. *Id.*

{¶7} Similar facts prevail here. Though Jack did not live with the children exclusively, it is clear that Jack provided support for the children by taking care of them during the day for more than five years while Shina worked. Giving Jack a credit based on his care of the children is not a retroactive modification. *Id.* at ¶ 13.

It is merely a recalculation of Jack's arrearage accounting for the fact that in-kind child support was provided. As in *Johnson*, to hold otherwise would be to grant Shina a windfall by giving her all the benefit of Jack's in-kind support of the children, as well as $589 per month for 64 months—over $37,000 in total—for time during which Jack lived with Shina and supported the children. The law counsels against such an outcome. *Id.* at ¶ 14. We conclude that the trial court did not act unreasonably, arbitrarily, or unconscionably in granting Jack a credit against his outstanding child support arrearage. *Id.*

{¶8} For the reasons articulated above, Shina's assignment of error is overruled. Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI and ZIMMERMAN, J.J., concur.**

**/jlr**